KITAY v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department. December 31, 1897.)

1. STREET RAILROADS — INJURY TO PERSON ON TRACK — CONTRIBUTORY NEGLI-
GENCE.

In an action to recover damages for injuries received by plaintiff's in-
testate, and resulting in his death, it appeared that he was about 10 years
of age, and was struck and killed by one of defendant's trolley cars.
There was evidence that, in attempting to cross the track, he fell upon it
face forward, at which time the approaching car was about 80 feet away.
There was no evidence that he looked to see whether a car was approach-
ing. Held, that it would not, as matter of law, have constituted con-
tributory negligence to attempt to cross the track under the circum-
stances, even if he had looked, and that, therefore, the failure to prove
that he did look was not fatal to recovery.

2. SAME — OPINION EVIDENCE.

There was a conflict of testimony as to the speed of the car. A witness
for plaintiff testified that he had many times ridden on a car, and timed
it, in order to estimate its rate of speed. Held, that this qualified him to
testify as to the speed of the car in question at the time of the accident.

3. SAME — EVIDENCE OF NEGLIGENCE.

At the time in question, it was light enough to see a distance of three
blocks. Held, that the evidence would permit a finding of negligence on
the part of the defendant's motorman in not stopping the car before reach-
ing the prostrate body on the track.

Appeal from special term, Kings county.

Action by Victor Kitay, as administrator of Louis Kitay, deceased,
against the Brooklyn, Queens County & Suburban Railroad Company.
Judgment for plaintiff, and from it, and an order denying a new trial,
defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

Charles A. Collin, for appellant.
Harold Nathan, for respondent.

WILLARD BARTLETT, J. The plaintiff's intestate, Louis Kitay,
a lad 10 years of age, was run over and killed by one of the defend-
ant's trolley cars, on Metropolitan avenue, a short distance west of
Roebling street, in the city of Brooklyn, at dusk, on the evening of
the 9th day of October, 1896. The boy was in company with his
brother, who was a year or two older; and he was endeavoring to
cross the street, not at a crosswalk, but near the middle of the block.
According to the evidence in behalf of the defendant, he darted out
onto the track suddenly from behind some trucks which were stand-
ing near the sidewalk, and came in front of the car so unexpectedly,
and in such proximity to it, that, although its speed was only five or six
miles an hour, the motorman, in spite of his utmost exertions, was
unable to stop it before running over the boy. The only witness who
actually saw the whole of the accident was the older brother, and he
testified upon cross-examination that he did not know whether the
deceased lad saw the car when it came along, adding, "I did not see
him look." Upon this proof, the learned counsel for the appellant ar-
gues, with much earnestness, that the plaintiff failed to establish

either want of contributory negligence on the part of the person injured, or negligence on the part of the defendant. The evidence introduced by the plaintiff, however, presents a different picture. According to the testimony of the surviving brother, the deceased boy started to cross Metropolitan avenue a little way ahead of him, and, as he reached the track along which the defendant's car was coming, fell upon the street face forward. At that time, says this witness, the car was four houses away. Under these circumstances, if they believed the testimony of the surviving brother, the jury might well acquit the deceased of any negligence in attempting to cross the track as he did; for it cannot be held as matter of law that he would have been at fault, even if he had looked and seen the car, for endeavoring to cross in front of it when it was 80 feet away, which would be about the distance represented by the combined width of four houses. The failure of the plaintiff, therefore, to prove whether he actually looked or not, cannot be deemed an omission fatal to the recovery.

As to the negligence of the defendant, this is predicated chiefly upon the speed of the car, which was estimated by a witness named Bernard Jasper to be 10 or 12 miles an hour, while all the witnesses for the defendant estimated the rate at which the car was moving at the time of the accident to be only 5 or 6 miles an hour. The testimony of Jasper, however, permitted the jury to find that the car was moving at the higher rate of speed, unless the appellant is right in insisting that he was incompetent to testify on this point. I am inclined to think that the qualification of the witness to testify to an opinion as to the rate at which the car was traveling was not proved upon his direct examination; but the deficiency was supplied when he came to be cross-examined, and stated, in response to questions by counsel for the defendant, that he had many times ridden on a car, and timed it, in order to see how fast it was going. Assuming the truth of the evidence of plaintiff in this case, there was no difficulty in finding that the defendant's motorman was negligent in the management of the car; for, whether it was going fast or slow, he ought to have been sufficiently on the lookout to see a prostrate body on the track 80 feet in front of him, in time to stop his car before running over it. It is to be observed that there is testimony to the effect that it was light enough at the time of the accident to see a distance of three blocks. Upon the question of speed it is also worthy of notice that the motorman refused to swear that the speed was not more than six miles an hour. This case involves no novel questions of law, and, indeed, no question which we have not repeatedly passed upon in this class of actions; and it is only by reason of the earnestness with which the appeal was argued in behalf of the appellant that we have devoted so much space to a discussion of the facts.

The judgment and order must be affirmed, with costs. All concur.