CATHERINE FISHER WIELAND, as Administratrix, etc., of FREDERICK G. WIELAND, Deceased, Appellant, v. THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Respondent.

*Negligence — collision at a railroad crossing, of which there were no eye-witnesses — when the question of contributory negligence is for the jury.*

In an action to recover damages for the death of the plaintiff's intestate, occasioned by a collision with a train on the defendant's railroad, it appeared that there were no eye-witnesses of the accident, which occurred about mid-day on a highway crossing the track nearly at right angles; that the decedent, a careful man and prudent driver, was driving a gentle, old and slow horse before a milk wagon, and in approaching the crossing could have seen the approaching train from a point from twenty-eight to thirty feet from the track at a distance only of from one hundred and thirty-five to one hundred and fifty feet, which distance the train in question (which was running from fifty to sixty miles an hour, and was giving no signal of its approach which could be heard at the crossing) would pass over in two seconds, which was less than the time that it would take the decedent to pass over the twenty-eight or thirty feet separating him from the track, so that had he looked when at that distance from the track he could not have seen the train.

*Held*, that the absence of contributory negligence may be proved by circumstances, and that if different conclusions may be drawn from the circumstances proved, the question is one for the jury;

That in the present case the question whether, in the exercise of reasonable care under the circumstances shown, the decedent ought to have seen or heard the approaching train in time to have avoided the collision was a question of fact for the jury.

APPEAL by the plaintiff, Catherine Fisher Wieland, as administratrix, etc., of Frederick G. Wieland, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 4th day of September, 1897, upon a nonsuit granted by the court after a trial at the Albany Trial Term, and also from an order entered in said clerk's office on the 31st day of August, 1897, denying the plaintiff's motion for a new trial made upon the minutes and on affidavits, on the ground of errors committed on the trial and of newly-discovered evidence.

*Jacob L. Ten Eyck*, for the appellant.

*Lewis E. Carr*, for the respondent.

MERWIN, J.:

This action was brought to recover damages for the death of the plaintiff's husband occasioned by a collision with a train of defendant at the Rockefeller highway crossing near the village of Normansville. There were no eye-witnesses of the accident. At the close of the evidence on the part of the plaintiff the court granted a nonsuit, upon the ground that the evidence was not sufficient to carry to the jury the question of contributory negligence.

The accident was on the 30th of August, 1895, about midday. The highway runs nearly north and south, and the railroad track crosses it nearly at right angles. The train came from the west. The decedent was traveling southerly in an ordinary one-horse milk wagon, the seat being in front of the cans and there being no top to the wagon. It was a bright clear day and a very little wind blowing from the east. The horse that the decedent drove was a gentle one, an old, slow horse, and the decedent is described as a careful man and a careful and prudent driver, and not a fast driver. He passed the house of Rockefeller on his way to the crossing four or five minutes before the accident. Rockefeller's house is from one-eighth to one-quarter of a mile from the crossing. The decedent passed along that road often. As one approaches the crossing from the north, the grade is ascending for about nine hundred feet from the crossing. At twenty feet north of the north rail the highway is two and one-tenth feet lower than the track.

There is evidence tending to show that the train as it approached the crossing was running at the rate of from fifty to sixty miles an hour and was giving no signal of its approach that could be heard at the crossing. The decedent was found upon the engine, the horse was thrown to the south and the wagon to the north, indicating that the horse was nearly over the track at the moment of collision. The obstructions to a view of a train approaching from the west were such that if the decedent had looked at a point from twenty-eight to thirty feet from the track he could have seen an approaching train only at a distance of from one hundred and thirty-five to one hundred and fifty feet, and one witness testifies that you do not get a very much better view until you get right on the track. At a speed of from fifty to sixty miles an hour it would take the engine only about two seconds to pass over one hundred and

fifty feet. This as it may be inferred from the ascending grade and the time it took the decedent to travel from Rockefeller's, was less time than it took the decedent to pass over the twenty-eight or thirty feet next to the track. If so, the decedent if he had looked when twenty-eight to thirty feet from the track would not have seen the train.

The absence of contributory negligence may be proved by circumstances and, if different conclusions may be drawn from the circumstances proved, the question is for the jury to solve. (*Chisholm* v. *State*, 141 N. Y. 246.) Although there are no eye-witnesses of the accident, the freedom of the decedent from negligence may be established by proof of facts and circumstances from which it may fairly be inferred that the decedent was not at fault. (*Noble* v. *N. Y. C. & H. R. R. R. Co.*, 20 App. Div. 40, 43, and cases cited.)

If, as the jury might find, the decedent could not at twenty-eight feet from the track have seen or heard the train had he looked and listened, it should not in the absence of evidence on that question be found that he did not look or listen. (*Smedis* v. *Brooklyn & R. B. R. R. Co.*, 88 N. Y. 13.) If not at fault at twenty-eight feet from the track, it should not be said as matter of law that he was in fault for proceeding on, or that the jury had no right to infer that he was not in fault in then proceeding to cross. In *Davis* v. *N. Y. C. & H. R. R. R. Co.* (47 N. Y. 400, 403) it was said that the testimony did not show that the decedent "could by looking have seen the train in time to have avoided the collision. It could not, therefore, be held as a question of law that his failure sooner to discover the train was the result of his inattention to the danger of his situation, or of his failure to use his senses to guard against it."

Whether in the exercise of reasonable care under the circumstances shown, the decedent ought to have seen or heard the approaching train in time to have avoided the collision was, I think, a question of fact for the jury. As said in *Fejdowski* v. *Delaware & Hudson Canal Co.* (12 App. Div. 589, 592): "Whether, taken all together, they (the circumstances) point to the conclusion that the reasonable precautions which the deceased was able to take were insufficient to enable him to discover its approach, or to the conclusion that he heedlessly drove in front of the engine, is a question for the jury to solve." (See *Tolman* v. *Syracuse, B. & N. Y. R. R.*

*Co.*, 98 N. Y. 198; *Crosby* v. *N. Y. C. & H. R. R. R. Co.*, 88 Hun, 196; 5 App. Div. 619; affd., 153 N. Y. 681; *Massoth* v. *Delaware & Hudson Canal Co.*, 64 id. 524, 529; *Galvin* v. *Mayor, etc., of New York*, 112 id. 223.)

It follows that the court erred in granting a nonsuit. No question seems to be made that as to the negligence of the defendant the evidence was not sufficient to present a question for the jury to determine.

In view of the conclusion reached as to the ruling on the motion for a nonsuit, it is not important to discuss the motion for a new trial upon the ground of newly discovered evidence. It may, however, be proper to say that the competency of the newly-discovered evidence is not clear, so far as it relates to the conduct of the decedent upon previous occasions at this crossing. The issue was as to the conduct of the decedent on this particular occasion. What he did at the place at some other time was outside of the issue. It was shown at the trial, without objection, that the decedent was a careful man, a careful driver, and that, probably, was as far in that direction as the plaintiff was entitled to go.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

All concurred, except PUTNAM, J., not sitting.

Judgment and order reversed and a new trial granted, costs to abide the event.