of six thousand dollars to the following described property," and for this insurance the plaintiffs were paid an amount that was fixed as a proper charge for the obligation assumed. When the fire occurred the property was damaged to the amount of $1,050. The fact that the plaintiffs' property was damaged by a risk within the terms of the policy was at the time of the fire a direct damage to the plaintiffs, which the defendant had insured. The fact that the plaintiffs had offered to sell the property at the price which they subsequently obtained, notwithstanding the impairment of its value by the fire, would not release the defendant from liability; and I cannot see that the execution of this contract would have that effect. I think, therefore, that when these buildings were damaged the express terms of the policy applied, and by it the insurance company became liable to the plaintiffs to the amount that the buildings were damaged, irrespective of the subsequent disposition that they were able to make of the damaged buildings.

It follows that the plaintiffs are entitled to a judgment as prayed for in the submission, with costs. All concur.

---

(75 App. Div. 602.)

STEVENS v. UNION RY. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 14, 1902.)

1. STREET RAILWAYS—PERSONAL INJURIES—MEETING OF CARS—NEGLIGENCE.
   In an action for the death of plaintiff's intestate, the evidence showed that deceased, on alighting from a west-bound trolley car at a place much frequented by pedestrians, passed around the rear of the car, and attempted to cross the opposite track, and in so doing was struck and killed by an east-bound car running at full speed, and giving no warning of its approach. Held, that his death was caused by the negligence of the motorman in charge of the east-bound car.

2. SUIT BY ADMINISTRATRIX—DAMAGES FOR DEATH OF INTESTATE—SUFFICIENCY.
   A verdict of $10,000 in favor of an administratrix is full compensation for the death of the intestate; he being 35 years of age, earning $12 a week as a milk driver, and leaving, besides his widow, two daughters, aged 9 and 12 years, respectively.
   Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Augusta Stevens, as administratrix of John Stevens, deceased, against the Union Railway Company of New York. From a judgment in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.

Thomas J. O'Neill, for respondent.

O'BRIEN, J. The action is to recover damages for the death of plaintiff's husband, who was killed opposite the entrance to the elevated railroad on 138th street, between Willis and Alexander avenues, on the early morning of September 9, 1901, by an east-bound

trolley car of the defendant, as he was proceeding to the south side of the street after having alighted from a west-bound car which stopped at that point for the purpose of transferring passengers to the elevated railroad. Although the deceased, as testified, left the west-bound car before it had quite come to a stop, that car did stop opposite the entrance of the elevated station, and passengers alighted therefrom; and the motorman of the west-bound car admitted that he had observed that car coming to a stop, and had slackened his speed, and was half clear of the car when he released the power, and then it was too late to avoid running over the plaintiff's intestate, who came from directly behind the west-bound car, and had reached the north rail of the east-bound track. It was further testified that the east-bound car approached without warning, and did not stop until it had passed some 40 or 45 feet beyond the place where the man was crossing. Upon these facts, we think the case of Pelletreau v. Railroad Co., 74 App. Div. 195, 77 N. Y. Supp. 386, is controlling. In both cases the accident occurred upon a street which was much frequented by pedestrians, and the evidence here, as in the Pelletreau Case, tends to show that, when passing behind one car which had stopped at the crossing, the passenger was struck by a car coming on the other track in the opposite direction, and the motorman failed to slacken its speed or to give warning of its approach.

The damages here awarded, however, we think are excessive. The deceased was 35 years of age, and received a salary of $12 a week as a milk driver, and left, besides his widow, two daughters, aged 9 and 12 years, respectively. Under the circumstances, we think that for the pecuniary loss, as shown by the evidence, a verdict of $10,000 would be fully compensatory. Our conclusion, therefore, is that, upon the plaintiff's giving a stipulation reducing the verdict to that amount, the judgment, as modified, should be affirmed, without costs; and, upon failure to give such a stipulation, the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

PATTERSON and LAUGHLIN, JJ., concur.

McLAUGHLIN, J. (dissenting). I am unable to agree with a majority of the court to an affirmance of this judgment. I am of the opinion that the plaintiff failed to establish either the negligence of the defendant, or the intestate's freedom from negligence. The only witness produced by the plaintiff as to how the accident occurred was Conklin, and his testimony will be read in vain to discover any fact which tends to show that the intestate exercised any care whatever, or that he lost his life by any negligent act of the defendant. He testified that he saw the car that struck the deceased, and waited until it went by. He said:

"I saw the east-bound car stop, and the conductor and motorman get off; and I finally walked over, and found that a man had been hit. That is about all I know about it. I cannot say that I saw the man leave. I saw a man coming around the end of the west-bound car. He was between the tracks,—between the east and west bound car, coming south."

The motorman testified that the first he saw of the intestate was that he came from the rear of the west-bound car, and stepped directly in front of the east-bound; that the corner of the car struck him.

There is nothing to show, and to permit the jury to find is to permit them to guess, that the deceased exercised any care whatever for his own safety; and it is obvious that he did not, and, if he had done so, his life would have been saved. The general rule is that when the circumstances connected with an accident of this kind point as much to the negligence of the deceased as to its absence, or point in neither direction, then a refusal to nonsuit is error. Wieland v. Canal Co., 167 N. Y. 19, 60 N. E. 234; Fejdowski v. Canal Co., 168 N. Y. 500, 61 N. E. 888; Wiwirowski v. Railway Co., 124 N. Y. 420, 26 N. E. 1023. Applying this rule to the undisputed facts of this case, it at once became apparent that the trial court erred in refusing to grant the motion for a nonsuit.

Nor do I think there is any evidence of the defendant's negligence. It is true, Conklin testified that, in his opinion, the car which struck the deceased was at the time going at 15 miles an hour, but there are no facts given from which a jury could find that his estimate was anything more than a guess. He also gave some testimony to the effect that he did not hear any signals given. The question of signals is of no importance, inasmuch as there is nothing to show that the deceased was ever on the track a sufficient distance ahead of the car to enable the motorman to warn him by signals, or to have checked the car and prevented the accident, so that the entire basis for a claim of negligence on the part of the defendant is the statement of Conklin as to the speed of the car; and this, under the circumstances, was insufficient.

I think the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurs.