brought this action against the defendant in the city court of Cortland, claiming damages by reason of the alleged negligence of the defendant in failing to perform his official duties. A trial was had, and judgment rendered against the defendant in favor of the plaintiff for $4 damages, besides costs, from which judgment an appeal was taken to the county court of the county of Cortland, where the judgment so rendered by such city court was reversed.

A judicial officer is not required at his peril to meet engagements. So far as his duties are ministerial, he, like other public officers, is required to exercise reasonable diligence in the discharge of official duties. The record does not disclose any evidence of bad faith on the part of the defendant, and a simple statement of the facts is sufficient to show that the defendant should not be held negligent in the performance of his duties as a justice of the peace.

Judgment should be affirmed, with costs. All concur.

---

(74 App. Div. 192.)

.PELLETREAU v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. STREET RAILWAY—PERSONAL INJURIES—NEGLIGENCE.

In an action against a street railway for personal injuries the evidence showed that plaintiff, after alighting from a car at a frequented crossing, went behind it, and in attempting to cross the street was struck by a car coming in the opposite direction. The car was coming faster than usual, and no effort was made to stop it until after the accident. No gong was sounded, or warning of any kind given. *Held* sufficient to sustain a finding that the motorman was negligent.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Plaintiff, on alighting from a car, passed behind it, and, after looking up without seeing another car in sight, attempted to cross the other track, and was struck by a car coming in the opposite direction. Her vision in that direction was obscured by the car behind which she had passed. Her companion preceded her by about six feet, and, without hastening, crossed in safety. No gong was sounded or warning given by the approaching car. *Held*, that plaintiff was not negligent.

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by May Pelletreau against the Metropolitan Street Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The action is to recover for personal injuries sustained, as alleged, through defendant's negligence, by the plaintiff, who, after alighting, about noontime of May 9th, 1901, from an uptown Broadway car at the north crossing of Twenty-Fifth street, passed behind it in order to proceed to the west side of Broadway, and was struck as she stepped upon the south-bound track, and run over by a downtown car. The plaintiff had been attending school at Vesey street, and with four companions rode up to Twenty-Fifth street. where she says she got off at the crossing, turned around, and, following one of her friends, Marguerita Dingler, walked westward behind the car so near that she could touch it as she passed. She testified: "I looked up. I didn't see any car in sight, and then I went right on. I stopped to see if there was any car coming, and then saw none, and went right on, and then tried to cross. I didn't get quite to the nearest rail. This car coming the other way was the one that struck me. I got off this car that was

standing still. * * * I was struck before I got to the nearest rail of that car coming south. The reason of that was that the car hangs over the rail some distance; that is, the car goes further over the rail than the wheels do. * * * I just got off as far as the rail, but didn't cross it. * * * I remember going right around the car, and when I got around the car I remember being under another car." She also testified: "There was no bell rung. * * * I don't know whether the rain kept me from seeing the car. It was broad daylight. There were no wagons. * * * I had an umbrella. I don't think I had put it up yet. I couldn't put it up, I had so many parcels; had too many parcels. I made no effort to put it up. It was raining quite hard, but I had to go such a short distance, I didn't think it was any use putting it up. I was not hurrying. * * * Marguerita got over all right,—Marguerita Dingler. I couldn't tell you how far she was ahead of me. Somebody else got out between her and I. I was the very last one off of the car, so she may have been quite a way in front of me, as far as I know." Marguerita Dingler testified: "We got off from the back of the car. The car had stopped. We all got off there. May Pelletreau then followed me. * * * I saw a car coming down. It was a good distance up. I went across Broadway there. * * * I was near the west sidewalk when I heard May scream. I had crossed over the other track. First I seen May laying in the street. She was run over. No gong sounded. I am positive as to that,—no bell at all from the car that was coming. * * * The car, when I first saw her then, had stopped. * * * When I went across I went slow. * * * It was raining hard." Other witnesses testified for the plaintiff that the car was coming faster than usual, and that no effort was made to stop it until after the girl was struck; that the car pushed her along the street some feet, stopping just north of the south crossing of Twenty-fifth street, and was moved backward to get her from between the wheels; that no gong was sounded, or warning of any kind given; that the first girl had preceded the plaintiff in crossing by about six feet, and the motorman at the time was looking towards the west. In behalf of the defendant the only testimony given was that the distance between the nearest rails of the two tracks is four feet and four inches, and that when cars pass at that point the overhanging sides are only one foot three inches apart; that the cars ran by cable at a maximum speed of seven miles an hour, and that this car was provided, not with a fender in front, but one underneath the car. Upon the evidence the jury returned a verdict in favor of the plaintiff, and from the judgment so entered the defendant appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.

Albert Stickney, for respondent.

O'BRIEN, J.   The insistence of the defendant upon this appeal, as upon the trial, is that the plaintiff failed to present evidence sufficient to warrant the inference that the motorman was negligent, or that the plaintiff was free from contributory negligence, and that the proof offered shows, on the contrary, that the accident was one which only the plaintiff could have averted.   It is claimed that immediately before the plaintiff was struck it was impossible, owing to the presence of the uptown car, which had stopped at the north crossing, either for the motorman to see her or for her to see the car; and it is contended that, even were this not so, and there had been no obstacle in the way, then both would have been equally negligent in proceeding to the place of the collision.   A like contention was sustained in McClosky v. Railway Co., 67 App. Div. 617, 73 N. Y. Supp. 324, where the pedestrian came upon the track from behind an elevated pillar at a

street crossing, and was immediately struck. A distinction, however, is to be drawn between such a case, where no particular reason arises from the surrounding circumstances for the motorman's apprehending danger of any kind, and one like this, wherein the motorman, from the conditions existing, by the very presence of a car which has stopped at the crossing, has reason to believe that passengers are alighting therefrom, or others may be going over at that point. In approaching a crossing such as this,—one of the most crowded in the city,—he should have given some warning of his approach, or have had his car under control so as to avoid running down those who desired to cross. Here it appears that the uptown car had been stopped for some time, sufficient to permit several passengers to alight from the rear door; and while it was there, and the plaintiff was passing behind it, another passenger had preceded her across the street directly in front of the advancing car, thus again apprising the motorman that persons were likely to emerge upon his track. In spite of such notice, and with knowledge on his part that he was approaching one of the most frequented crossings, however, the motorman failed, according to the evidence, to slacken his speed in the slightest degree, or to sound the gong in warning of his approach. Upon these facts, therefore, we think there was sufficient to support the inference of the defendant's negligence. In the recent case of Schoener v. Railway Co. (April term, this department) 76 N. Y. Supp. 157, where the plaintiff was injured by being struck by defendant's south-bound car while he was attempting to cross the Bowery, and after passing in front of another south-bound car upon a parallel track, it was said:

"A duty rested upon the motorman to have the car under control as it approached the crossing, and this duty was increased, if it be true, as contended by the defendant, that his view of the crossing was obstructed by the Third avenue car, for which reason he should have exercised more care. He could not approach the crossing at a high rate of speed, and then, when a collision occurred, excuse himself because there was another car in front, which prevented his seeing the crossing."

And in another case in this court,—Schwarzbaum v. Railroad Co., 54 App. Div. 164, 66 N. Y. Supp. 367, second appeal, 60 App. Div. 274, 69 N. Y. Supp. 1095,—where a pedestrian was run over by an uptown car at a south crossing after having passed behind a south-bound car, it was said:

"There was evidence of negligence. The failure to sound a gong or bell or give some notice of the approach of a car moving even at ordinary speed, and near a street crossing, was, under the circumstances, some evidence from which negligence could be inferred."

Upon the evidence here the jury could infer that the car approached the crossing, where another car going in the opposite direction had stopped to discharge passengers, at a rapid speed, and without the gong being sounded or warning given. The case of Schwarzbaum v. Railroad Co., supra, also is authority for holding that, where the testimony was that the pedestrian had looked just before stepping upon the track, and then, seeing no car, proceeded, and was struck by the sudden approach of the car, it could not be said as matter of law that he was guilty of contributory negligence, but that his conduct, and all the circumstances of the occurrence, were to be passed upon

by the jury. Here it was undisputed that the plaintiff followed her friend, who preceded her by about six feet, and who, without hastening her steps, crossed in safety. The space between the north-bound car and the west track was slight, and plaintiff's vision in the northerly direction was obscured by the car behind which she passed, and, as she heard no gong sounded, or other warning of an approaching car, we cannot say that she was guilty of contributory negligence because she may have erred in thinking she could follow her companion in safety.

Our conclusion, therefore, is that the judgment entered upon the verdict should be affirmed, with costs.

PATTERSON and LAUGHLIN, JJ., concur.  VAN BRUNT, P. J., and McLAUGHLIN, JJ., dissent.