JAMES M. PINDER, as Administrator of the Estate of ARTHUR PINDER, Deceased, Respondent, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

NEGLIGENCE — WHEN STREET RAILWAY COMPANY NOT LIABLE FOR DEATH OF PERSON KICKED OR THROWN FROM CAR BY MOTORMAN AND STRUCK BY ANOTHER CAR WHILE CROSSING THE TRACKS.   Where a bright boy about fourteen years of age, with no physical defect that affected his strength or activity, who was riding upon the front platform of an electric car, was thrown or kicked from the car by the motorman, and, picking himself up slowly, walked lamely back a short distance and proceeded to cross over the tracks and while in the act of crossing the second or further track was struck by a car running at a high rate of speed and received such injuries that he subsequently died therefrom, the railway company is not liable for his death, where it appears that the place where he was injured was well lighted by electric lights and that the car, itself, well lighted up, was about 125 feet distant at the time he attempted to cross the tracks, and there was no evidence proving, or tending to prove, that he either looked or listened for the approach of a car before crossing the second track, or evidence that would justify the inference that he was so injured by being thrown from the car on which he had been riding that he was unable to use his powers of sight and hearing or to judge of the peril of the situation.

*Pinder* v. *Bklyn. Heights R. R. Co.*, 65 App. Div. 521, reversed.

(Argued January 30, 1903; decided February 17, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 29, 1901, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*I. R. Oeland* and *George D. Yeomans* for appellant. There being no evidence to show decedent's freedom from contributory negligence, and no circumstances from which a reasonable inference could be drawn by the jury that he was free from contributory negligence, the trial court did not err in dismissing the complaint. (*Wieland* v. *D. & H. C. Co.,* 167 N. Y. 27; *Wiwirowski* v. *L. S. & M. S. R. R. Co.,* 124 N. Y. 420; *Cordell* v. *N. Y. C. & H. R. R. R. Co.,* 75 N. Y. 330; *Tolman* v. *S., B. & N. Y. R. R. Co.,* 98 N. Y. 198; *Rodrian* v. *N. Y., N. H. & H. R. R. Co.,* 125 N. Y. 527; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.,* 58 N. Y. 248; *Bond* v. *Smith,* 113 N. Y. 378; *Ruppert* v. *B. H. R. R. Co.,* 154 N. Y. 94; *Baulec* v. *N. Y. C. & H. R. R. R. Co.,* 59 N. Y. 357.) There was no proof of defendant's negligence or facts from which a reasonable inference could be drawn that the defendant was negligent, and the trial court did not err in dismissing the complaint. (*McDonald* v. *M. S. Ry. Co.,* 167 N. Y. 67; *Keller* v. *Brooklyn H. R. R. Co.,* 48 App. Div. 557; *Totarella* v. *N. Y. & Q. C. R. Co.,* 53 App. Div. 413; *Costello* v. *T. A. R. R. Co.,* 161 N. Y. 317.) The Appellate Division erred in reversing the judgment of the trial court. (*Ruppert* v. *B. H. R. R. Co.,* 154 N. Y. 94; 171 N. Y. 633; *Seifter* v. *B. H. R. R. Co.,* 169 N. Y. 254; *People* v. *Kennedy,* 32 N. Y. 140; *People* v. *Fitzsimmons,* 156 N. Y. 257; *Getman* v. *D. & L. R. R. Co.,* 162 N. Y. 25.)

*Robert Stewart* for respondent. The question of contributory negligence was, under all the circumstances of the case, one of fact for the jury to determine, and should have

been submitted to them. (*Place* v. *N. Y. C. R. R. Co.*, 167 N. Y. 345; *Costello* v. *T. A. R. R. Co.*, 161 N. Y. 317; *Higgins* v. *Eagleton*, 155 N. Y. 471; *Stuber* v. *McEntee*, 142 N. Y. 205; *St. John* v. *N. Y. C. R. R. Co.*, 165 N. Y. 241; *McDonald* v. *M. S. Ry. Co.*, 167 N. Y. 66; *Totarella* v. *N. Y. & Q. C. R. Co.*, 53 App. Div. 413; *Palmer* v. *Dearing*, 93 N. Y. 7; *Rooks* v. *H., etc., R. R. Co.*, 10 App. Div. 98; *Moebus* v. *Herrman*, 108 N. Y. 349.) The question as to the negligence of the defendant in the operation of its cars is not now before this court, but there was, however, evidence in the case sufficient to require the submission of the question of defendant's negligence to the jury. (*Schwarzbaum* v. *T. A. Ry. Co.*, 54 App. Div. 164; *Degraw* v. *E. R. R. Co.*, 49 App. Div. 29; *Duncan* v. *U. Ry. Co.*, 39 App. Div. 497; *Smith* v. *M. R. R. Co.*, 7 App. Div. 253; *Wells* v. *B. R. R. Co.*, 58 Hun, 389; *Adams* v. *B. R. R. Co.*, 57 App. Div. 241; *Voak* v. *N. C. R. R. Co.*, 75 N. Y. 320; *Finn* v. *D., L. & W. R. R. Co.*, 42 App. Div. 524; S. & R. on Neg. § 485c.)

GRAY, J. The action was brought to recover damages for the death of the plaintiff's intestate; which the complaint alleged to have been caused by the negligence of the defendant, in the operation of one of its cars upon the Nostrand avenue route, in Brooklyn. The deceased was, concededly, a bright lad of fourteen years of age, with no physical defect, save that of being slightly tongue-tied, and the accident occurred at about eleven o'clock in the evening, as he was upon his way from Rockaway Beach to Bergen Beach; a trip which he had been more or less accustomed to make alone. The plaintiff's complaint was dismissed, at the close of his evidence, upon the ground that he had failed to show that the deceased was free from contributory negligence; or that the circumstances were such as to furnish inferences in that respect. The Appellate Division reversed the judgment of nonsuit and ordered a new trial of the action; from which order the defendant appeals to this court.

While the plaintiff is entitled to have the most favorable

view taken of the evidence, which he adduced in support of his cause of action, the evidence should show facts from which reasonable inferences are, directly, deducible that the deceased did not contribute, by his own negligence, to the result and the difficulty in this case is that, unless inferences were permissible to the jurors, based upon other inferences, their verdict for the plaintiff could have had no basis. Adopting the most favorable view of the facts, which the plaintiff could claim, the boy, while riding upon the front platform of a car, propelled by electric power, upon a part of Nostrand avenue, which was unimproved by buildings, was thrown, or kicked, from the car by the motorman. He picked himself up and, walking slowly, crossed the track, upon which his car had been running, and, while in the act of crossing the second, or further, track, was struck by a car returning from Bergen Beach, run over by it and from the injuries received, subsequently, died. The cause of action set up in the complaint was the negligence of the defendant's servants in so injuring him. The witness of the accident, whose evidence is depended upon and which, alone, could support a finding of the jury adverse to the defendant, was a woman; who, at the time, was about crossing the defendant's tracks from the direction in which the deceased was proceeding. In substance, she testified that her attention was attracted by the boy's screaming upon the platform, as though endeavoring to have the motorman stop the car; that, thereupon, the latter kicked the boy off and the car continued on its way; that the boy, who had fallen upon a path, or sidewalk, alongside the track, picking himself up slowly, walked, lamely, back a short distance and proceeded to cross over the tracks, and that the car from the beach, coming at a high rate of speed, struck him, threw him up in the air and, as he fell upon the track, went over him. There was no crossing at this place, which was more or less lighted by clusters of electric light, and the car, itself well lighted up, was about one hundred and twenty-five feet distant, at the time the deceased attempted to cross. To what extent he was injured by being

thrown, or kicked, from the car did not appear; further than that the witness. testified to his walking slowly and lamely. We may assume that he was injured by the fall; but the action was not brought for that injury. It was brought because of his being, subsequently, run over and thereby injured to the extent of causing his death. It does not appear that he either looked, or listened, when undertaking to cross the road, and the evidence discloses nothing of his condition, or of his actions, beyond what has been mentioned. The court is not enlightened by one fact, proving, or tending to prove, that the deceased was vigilant, to that degree, which, under the circumstances, it was incumbent upon him to be, in attempting to cross a railroad track, and without which, notwithstanding the possible negligence of the defendant in running over him, he could not, himself, have maintained an action for the injury received.

The respondent, however, argues, and that was the theory of the reversal by the Appellate Division, that the boy's fall from the moving car upon the pavement "may have rendered him for the moment unable to exercise his faculties with normal acuteness," and that, therefore, he could "neither appreciate nor avoid the impending danger." Perhaps that may have been his condition and perhaps not. That it was such is purely a matter of conjecture. No one can say so and no fact testifies to it; unless we may predicate of a slow and limping walk an impairment of the senses of sight and hearing. To have permitted the jurors to pass upon the case would have been, very clearly, to permit them to indulge in mental speculations as to whether a person, violently thrown from a moving car and afterwards walking lamely, was so affected mentally, or in his capacity to see and to hear, as to be incapable of appreciating the danger of crossing a railroad track. As a purely mental speculation, or guess work, sympathy would, inevitably, have cast its weight in the scales against the defendant. What would a verdict for the plaintiff have rested upon? Certainly, it could not rest upon facts established by the evidence, or upon inferences from facts. It would

have rested upon inferences, which, in turn, would have rested upon other inferences. That is to say, first inferring from his slow and lame movements that the deceased had been injured by his fall from the car and, then, that the injury was in the head, the jurors would have had to infer, further, that it was such as incapacitated him to make use of his powers of sight and of hearing, or to judge of the peril of a situation. Would the verdict for the plaintiff have withstood the test of a motion to set it aside? I think not and I think that the rule, settled by repeated decisions of the court, in such cases, would be violated by permitting such a case to be submitted to a jury. I think that the evidence pointed as much in the direction of the negligence of the deceased, as to his freedom from negligence. If he had looked and listened, as he was bound to do, there was nothing to show that he could not have seen the approaching car and, as I have already said, that he was unable to take those usual and necessary precautions, was a matter of pure guess work and not of a reasonable inference from proven facts.

In my opinion, the nonsuit at the Trial Term was proper and, therefore, I advise the reversal of the order appealed from and that the judgment entered at the Trial Term should be affirmed, with costs in all courts.

PARKER, Ch. J., HAIGHT, CULLEN and WERNER, JJ., concur; BARTLETT, J., dissents; O'BRIEN, J., absent.

Order reversed, etc.