(97 App. Div. 447.)

## MONCK v. BROOKLYN HEIGHTS R. CO.

((Supreme Court, Appellate Division, Second Department.   October 14, 1904.)

1. STREET RAILROADS—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE—
   QUESTION FOR JURY.

   Plaintiff's evidence showed that decedent, a boy of 15, alighted from
   defendant's street car at a point 10 feet from the actual crossing, and as
   the car passed he crossed the track it was using, and proceeded to cross
   the parallel track, when he was struck by a car moving at the rate of 15
   to 18 miles an hour from the direction opposite to that of the car from
   which he alighted; that he was moving in an ordinary walk, and looking
   ahead of him; and that the motorman in charge of the car which struck
   him took no precaution to avert the accident.   *Held*, that the question of
   contributory negligence was for the jury, though plaintiff's evidence did
   not show that decedent stopped, listened, or looked in the direction from
   which the car came.

   Woodward and Jenks, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action for wrongful death by William F. Monck, administrator
of the goods, chattels, and credits of William F. Monck, Jr., de-
ceased, against the Brooklyn Heights Railroad Company.   From
a judgment for defendant, plaintiff appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, JENKS, and HOOKER, JJ.

Thomas E. Pearsall (Isaac M. Kapper, on the brief), for appel-
lant.

I. R. Oeland, for respondent.

HOOKER, J.   On this appeal the debatable point is whether
or not the question of the intestate's contributory negligence
should have been submitted to the jury.   The plaintiff gave evi-
dence tending to show that his intestate, a boy 15 years old, and
admittedly sui juris, on the day of the accident was a passenger
on a car of the defendant road, which stopped for him at the cross-
ing.   He alighted on the right-hand side of the car, and, as it
passed on, crossed the track it was using to the space between
that track and the one parallel.   Proceeding, when he got to the
middle of the space between the rails of the latter track, he
was struck by a car which was being operated rapidly in a direc-
tion opposite to that of the car which he had left.   He stepped
from the car on which he was a passenger at a point 10 feet from
the actual crossing at the intersection of the streets, and proceeded
toward his destination at an ordinary gait, as one would ordinarily
walk across a street, and looking ahead at the point toward which
he was walking.   When he alighted from the car the street car
which struck him was approximately 150 feet distant from the
point where he was actually struck, and proceeding rapidly in his
direction at the rate of between 15 and 18 miles an hour.   The evi-
dence tended to show that the motorman in charge of the car
which struck him, inflicting injuries from which he died, took
no precaution to avert the accident.   The intestate walked between
12 and 13 feet from where he alighted to the place where he was

struck. Because there is no evidence in the case tending to show that the deceased stopped, listened, or looked in the direction from which the car that struck him came, the respondent insists that the plaintiff has failed to comply with the rule which requires him to give some evidence tending to show freedom from contributory negligence on the part of his intestate. It is our opinion, however, that the proof adduced by the plaintiff was sufficient to present a question of fact on this branch of the case for the jury's determination, and that the judgment should be reversed. In Woodworth v. N. Y. C. and H. R. R. R. Co., 55 App. Div. 23, 66 N. Y. Supp. 1072, affirmed 170 N. Y. 589, 63 N. E. 1123, there were no eyewitnesses of the accident which resulted in the death of the plaintiff's intestate; but it was shown in the evidence that the deceased was an educated, temperate man, 45 years old, with good eyesight and hearing, careful and cautious in disposition and temperament; and a verdict for the plaintiff was sustained, it being held that the question of whether the deceased was guilty of contributory negligence was properly submitted to the jury. In the discussion of that case in this court Mr. Justice Hirschberg took occasion to make these pertinent quotations from opinions in the Court of Appeals:

"In Stackus v. New York C. & H. R. R. R. Co., 79 N. Y. 464, it was held, quoting the headnote, that: 'To justify a nonsuit on the ground of contributory negligence, the undisputed facts must show the omission or commission of some act which the law adjudges negligence. The negligence must appear so clearly that no construction of the evidence or inference drawn from the facts will warrant a contrary conclusion.' Chief Judge Church said (page 469): 'There are no two cases alike in circumstances, and therefore mere precedents are of little value; but the authorities, I think, clearly recognize and establish the distinction here indicated between questions of fact and law. Massoth v. Delaware & Hudson Canal Co., 64 N. Y. 524, 529; Ireland v. Oswego, Hannibal & Sterling Plank Road Co., 13 N. Y. 533; Renwick v. New York Cent. R. R. Co., 36 N. Y. 132; Dolan v. Delaware & Hudson Canal Co., 71 N. Y. 285, 288, 289; Hill v. N. Y. C. & Hudson R. R. R. Co., 64 N. Y. 652; Davis v. N. Y. C. & Hudson R. R. R. Co., 47 N. Y. 400.' In Tolman v. Syracuse, Bing. & N. Y. R. R. Co., 98 N. Y. 198 [50 Am. Rep. 649], Judge Finch said (page 203 [98 N. Y., 50 Am. Rep. 649]: 'The burden of establishing affirmatively freedom from contributory negligence may be successfully borne, though there were no eyewitnesses of the accident, and even although its precise cause and manner of occurrence are unknown. If, in such case, the surrounding facts and circumstances reasonably indicate or tend to establish that the accident might have occurred without negligence of the deceased, that inference becomes possible, in addition to that which involves a careless or willful disregard of personal safety; and so a question of fact may arise to be solved by a jury, and require a choice between possible, but divergent, inferences.'"

He cited the following decisions as abundantly supporting the proposition that the facts in that case required submission of the question of contributory negligence to the jury, and the cases are equally well referred to here: Jones v. N. Y. C. & H. R. R. R. Co., 28 Hun, 364, affirmed 92 N. Y. 628; Petrie v. N. Y. C. & H. R. R. R. Co., 66 Hun, 282, 284, 21 N. Y. Supp. 159; Pitts v. New York, L. E. & W. R. R. Co., 79 Hun, 546, 29 N. Y. Supp. 871, affirmed 152 N. Y. 623, 46 N. E. 1150; McPeak v. N. Y. C. & H. R. R. R. Co., 85 Hun, 107, 32 N. Y. Supp. 647; Pejdowski v. D. & H. C.

Co., 12 App. Div. 589, 43 N. Y. Supp. 84; Noble v. N. Y. Central &
H. R. R. R. Co., 20 App. Div. 40, 46 N. Y. Supp. 645, affirmed 161
N. Y. 620, 55 N. E. 1098; Harper v. Delaware, L. & W. R. R. Co.,
22 App. Div. 273, 47 N. Y. Supp. 933; Wieland v. Delaware &
Hudson Canal Co., 30 App. Div. 85, 51 N. Y. Supp. 776; Pruey v.
N. Y. Central & H. R. R. R. Co., 41 App. Div. 158, 58 N. Y. Supp.
797; Kellogg v. N. Y. C. & Hudson R. R. R. Co., 79 N. Y. 72;
Glushing v. Sharp, 96 N. Y. 676; Greany v. Long Island Railroad
Co., 101 N. Y. 419, 427, 5 N. E. 425; Galvin v. Mayor, 112 N. Y.
223, 19 N. E. 675; Rodrian v. N. Y., N. H. & H. R. R. Co., 125 N.
Y. 526, 26 N. E. 74; Chisholm v. State, 141 N. Y. 246, 36 N. E. 184;
Schafer v. Mayor, 154 N. Y. 466, 48 N. E. 749; and Judson v. Cen-
tral Vermont R. R. Co., 158 N. Y. 597, 604, 53 N. E. 514; Kennedy
v. Third Ave. R. R. Co., 31 App. Div. 30, 32, 52 N. Y. Supp. 551;
Dunican v. Union Ry. Co., 39 App. Div. 497, 57 N. Y. Supp. 326;
and Mitchell v. Third Ave. Railroad Co., 62 App. Div. 371, 374, 70
N. Y. Supp. 1118. The case at bar, however, possesses features
which lead more strongly to the conclusion that the evidence pre-
sents the question of fact for the jury, inasmuch as the strict rule
requiring a user of a highway to look and listen before crossing
a steam railway track does not obtain to its fullest extent in the
case of those who cross the tracks of street surface railways in
the streets of villages and cities. The failure of the plaintiff to
show that his intestate looked in the direction from which the car
that struck him came cannot be deemed an omission fatal to his
right to go to the jury, for it cannot be said as matter of law that,
had he looked, he would have been chargeable with contributory
negligence in proceeding across the tracks. The car was approxi-
mately 150 feet away, and he was but 13 feet from the middle of
the track on which he was struck. Before reaching the point
where the accident occurred the car must needs have crossed a public
thoroughfare in the city of New York, and it would not have been
error for the jury to have drawn the inference that the intestate
acted as an ordinarily prudent and careful person would have con-
ducted himself in the situation, taking into account that the lad
proceeded on his way as one would ordinarily cross the street,
looking in the direction toward which he was destined. A similar
question was discussed in Kitay v. Brooklyn, Q. C. & S. R. R. Co.,
23 App. Div. 228, 48 N. Y. Supp. 982, in which this court unani-
mously affirmed a verdict in favor of the plaintiff for damages for
the killing of his intestate. In that case it appeared from the testi-
mony of the only witness who actually saw the whole of the acci-
dent that he did not know whether the deceased saw the car when
it came along; adding, "I did not see him look;" and Mr. Justice
Bartlett states the conclusion of the court upon this legal propo-
sition in these words:

"According to the testimony of the surviving brother, the deceased boy
started to cross Metropolitan avenue a little way ahead of him, and, as he
reached the track along which the defendant's car was coming, he fell upon
the street face forward. At that time, says this witness, the car was four
houses away. Under these circumstances, if they believed the testimony
of the surviving brother, the jury might well acquit the deceased of any

negligence in attempting to cross the track as he did; for it cannot be held as matter of law that he would have been at fault, even if he had looked and seen the car, for endeavoring to cross in front of it when it was 80 feet away, which would be about the distance represented by the combined width of four houses. The failure of the plaintiff, therefore, to prove whether he actually looked or not, cannot be deemed an omission fatal to the recovery."

See, also, Stevens v. Union Railway Co., 75 App. Div. 602, 78 N. Y. Supp. 624, affirmed 176 N. Y. 607, 68 N. E. 1125; Pelletreau v. Met. St. R. Co., 74 App. Div. 192, 77 N. Y. Supp. 386.

Handy v. Met. St. R. Co., 70 App. Div. 26, 31, 32, 74 N. Y. Supp. 1079, possesses points of striking similarity with the case at bar. There the plaintiff sued for damages for the death of her intestate, caused by being run over by a car under circumstances similar to those presented by the record in the case at bar, and was nonsuited. It did not appear that the intestate looked before crossing the track, yet the court held that it was error to dismiss the complaint, and reversed the judgment, saying in the course of its opinion:

"That he could have passed over unharmed, and that he was not guilty of contributory negligence, as matter of law, in attempting to cross at all, may be inferred from the fact that, although walking at an ordinary gait, he had almost cleared the westerly rail in safety, and would have done so had it not been for the great speed at which the car approached him. 'Assuming that the plaintiff saw the car approaching very fast, still there was nothing to indicate to him that it was not under control of the driver, and he had a right to believe that the latter would exercise proper care. The plaintiff supposed he would clear the car, and, although subsequent events proved that he erred in this conclusion, a mere error of judgment was not necessarily negligence, when the proof shows that, had the car been properly managed, as the plaintiff had a right to assume it would be, he would have been enabled to cross in safety.' Buhrens v. Dry Dock, E. B. & B. R. R. Co., 53 Hun, 571 [6 N. Y. Supp. 224], cited as authority in Johnson v. Rochester Railway Co., 61 App. Div. 12, 17 [70 N. Y. Supp. 113]."

The rule, as applicable to such facts as are disclosed by the record in this case, may be generally stated to be that the failure of proof that a pedestrian crossing the tracks of a street surface railroad upon the public streets of a village or city looked to observe the approach of a street car does not establish contributory negligence per se, where the approaching car is at such a distance that, had he in fact looked, he would have been warranted in assuming personal safety in crossing. We have examined Pinder v. Brooklyn Heights R. R. Co., 173 N. Y. 519, 66 N. E. 405, and Thompson v. B. R. Co., 145 N. Y. 196, 39 N. E. 709, and are convinced that neither the facts nor the reasoning in those cases are authority for the respondent's contention that the question of the deceased's contributory negligence was properly taken from the jury.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur, except WOODWARD, J., who read for affirmance, with whom JENKS, J., concurs in separate opinion.

WOODWARD, J. (dissenting). The simple question presented on this appeal is whether there was any evidence to support the necessarily affirmative contention of the plaintiff that his intestate

was free from negligence contributing to the accident. There is some uncertainty in the testimony of the plaintiff's witnesses as to the exact location of the defendant's cars at the time of this accident; and, although there were five eyewitnesses called in support of the complaint, not one of them points out a single act on the part of plaintiff's intestate from which any fair inference of care can be drawn. This is a nonsuit, and the plaintiff is entitled to all fair inferences; but the rule of law requires that the plaintiff must show affirmatively that his intestate was free from contributory negligence, and this fact does not appear from any reasonable construction of the evidence. The accident occurred near the corner of Fifth avenue and Thirteenth street, at about 9 o'clock on Sunday morning, the day being bright and clear. The plaintiff's intestate was a passenger in the car going down town. Just before the car reached Thirteenth street it came to a standstill, apparently at his suggestion, and the deceased, a boy 15 years of age, and concededly sui juris, stepped down into the street, and started toward the curb on the right-hand side of the street, going down. He then turned, and, passing to the rear of the car, walked deliberately across the street in the direction of a drug store in which he was employed. The car from which plaintiff's intestate alighted started immediately, and the witnesses substantially agree that it had reached the lower side of Thirteenth street when plaintiff's intestate started to cross the street. In the meantime a car on the uptown track had been approaching, running, according to the evidence, from 15 to 18 miles an hour; and the only witness who testifies definitely says this car had reached the lower side of Thirteenth street, or thereabouts, when the intestate started to cross to the drug store. If this was the situation—and it is undisputed—both of defendant's cars were at the lower crosswalk on Thirteenth street, while the intestate was about 10 feet above the upper crossing, leaving a clear space something more than the width of the street. The evidence is undisputed that with this situation he walked in his usual way across the street, without, so far as the record shows, looking in either direction, or taking any precautions whatever. One witness called by the plaintiff says that his face was in the direction of the drug store on the opposite side of the street, and, although an opportunity was offered, no evidence was brought out to show that he ever looked in any other direction, although he was employed at the drug store, was sui juris, and must have known that there were two tracks, and that cars were liable to be passing at any moment. If this is meeting the requirement of furnishing evidence of a lack of contributory negligence, then the rule of law in this respect might as well be abandoned at once.

It is true, there are cases in the books, where there were no eyewitnesses, in which the courts have been disposed to accept very slight evidence of care; but we know of no case where there were numerous eyewitnesses in which it has been held that the plaintiff had established his case by showing a state of facts where the accident could not reasonably have happened if the intestate

had exercised any degree of care commensurate with the danger to be apprehended. The situation disclosed showed conclusively that the intestate might have seen the car approaching if he had glanced in the direction from which it was to have been expected. All of the witnesses saw the car for nearly a block before the accident. If it was running very rapidly, this fact must have been obvious to him at the short distance of across the street, and a moment's delay, or a slight increase in his walk, would have obviated the accident. It is evident, however, from the evidence that the intestate walked across the street without listening or looking, without taking any of the precautions which the situation demanded; and under such circumstances it is neither right nor proper to permit a jury to speculate upon the probabilities. The evidence is not capable of supporting any other inference than that of carelessness upon the part of the intestate, and the learned court properly granted the motion to dismiss.

JENKS, J. (dissenting). I concur in the dissent of WOODWARD, J., whose discussion leaves little to be said. The casualty was not due to miscalculation, but to inattention, and the question involved is not that of a mistake in calculation, based upon the relative speeds of traveler and of car, but as to the act of the traveler in stepping onto the track of the car when that car was almost upon him. The plaintiff was bound to establish the exercise of some care. Pinder v. Brooklyn Heights R. R. Co., 173 N. Y. 519, 66 N. E. 405. If plaintiff's intestate, as he was about to step on the track, had seen the car, then almost upon him, he could not assume that it would lessen its speed in accord with any general custom, for it had passed over the crossing; or that, if he continued on his way, and if the motorman thereupon used every means to arrest the car, a collision would thereby be averted. If he saw the car at this moment, he was careless in walking onto its track. If he did not see it under the circumstances, he was equally careless. Strickland v. N. Y. Central & H. R. R. R. Co., 88 App. Div. 367, 84 N. Y. Supp. 655; Little v. Third Avenue R. R. Co., 83 App. Div. 330, 82 N. Y. Supp. 55; Jackson v. Union Railway Co., 77 App. Div. 161, 78 N. Y. Supp. 1096; Lynch v. Third Avenue R. R. Co., 88 App. Div. 604, 85 N. Y. Supp. 180; Thompson v. Metropolitan Street R. Co., 89 App. Div. 10, 85 N. Y. Supp. 181; Daniels v. S. I. R. T. Co., 125 N. Y. 407, 26 N. E. 466. See, too, the cases cited by Judge Seymour D. Thompson in his Commentaries on the Law of Negligence, vol. 2, § 1461.

The learned counsel for the appellant would discriminate the Pinder Case, supra, in that there was no feature of a crosswalk in it, and that it appeared that the street was wholly unimproved. And he points to the subsequent affirmance of Stevens v. Union Railway Co., 75 App. Div. 602, 78 N. Y. Supp. 624, in 176 N. Y. 607, 68 N. E. 1125, and the ruling of this court in Lane's Case, 85 App. Div. 85, 82 N. Y. Supp. 1057. But in the case at bar the lad was not upon a crosswalk. The car had stopped at a crosswalk, and the lad had alighted from the rear of the car, and had passed

behind it. He was seeking to reach his master's shop, which was 25 feet distant from the crosswalk. Even at the distance of 10 feet, or a car's length from the crosswalk, he could not disregard all precautions, for at the very crosswalk itself his rights were but equal, not paramount While the learned counsel for the appellant cites many cases, he relies mainly upon Stevens v. Union Railway Co., supra, and the cases cited by the court in its opinion therein. Stevens' Case was decided by a divided court, and was affirmed by the Court of Appeals, without opinion, by a vote of four to three, 176 N. Y. 607, 68 N. E. 1125. The Appellate Division in its opinion did not discuss the question of contributory negligence, but cited Pelletreau v. Metropolitan Street R. Co., 74 App. Div. 192, 77 N. Y. Supp. 386, as authority upon the facts. But in Pelletreau's Case there is testimony that the plaintiff looked at the beginning of her walk; that she followed a companion who, preceding her by six feet, crossed without haste in safety; and that the plaintiff's vision was obstructed by the car from which she had alighted.