(72 App. Div. 23.)

SCHOENER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. STREET RAILWAYS—COLLISION—CONTRIBUTORY NEGLIGENCE.

One is not negligent in attempting to drive across a street railway track at a street crossing when an approaching car is 75 feet distant.

2. SAME—NEGLIGENCE.

The motorman of a street car has the duty of approaching a crossing with the car under control,—the more so where his view of the crossing is obstructed by another car; and he cannot give such obstruction as an excuse for his rapid approach.

Appeal from trial term, New York county.

Action by Henry Schoener against the Metropolitan Street Railway Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Theodore H. Lord, for appellant.
Charles Caldwell, for respondent.

McLAUGHLIN, J. Action to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence. The plaintiff had a verdict, and from the judgment thereafter entered, and an order denying a motion for a new trial, defendant has appealed. It asks that the judgment be reversed, and a new trial granted, upon the ground that the verdict was against the weight of evidence. This necessitates a review of the facts established upon the trial.

It appeared that on the 22d of March, 1899, the plaintiff, while in the act of driving a horse attached to a delivery wagon from Great Jones street across the Bowery into East Third street, in the city of New York, was injured by one of the defendant's cars colliding with the wagon. At the point where the collision occurred there were four railroad tracks upon which street cars were operated, two of which belonged to the defendant, and two to the Third Avenue Railroad Company; the defendant's tracks being located near the center of the street, and the other two nearer the sidewalks. The two tracks upon the westerly side of the street were used by the south-bound, and the two on the other side by the north-bound, cars. The plaintiff testified that as he came out of Great Jones street, and attempted to pass over the Bowery, he looked up and down that street for approaching cars; that he then saw two cars coming south, one on the tracks of the defendant, and one on the tracks of the Third Avenue Company; and that as he reached the tracks of the defendant he saw the car which subsequently struck the hind wheel of his wagon, and it was then about 75 feet away. As to the distance of the car from the point of collision at the time the plaintiff commenced to drive across the defendant's tracks, the plaintiff was corroborated by the witnesses Elisberg and Engel, both of whom testified that the car was then more than 75 feet away. There was also evidence to the effect that the car approached the crossing at a high rate of speed, and that the motorman did not then have it under control. The testimony of several witnesses on the part of the defendant tended to establish that the defendant's car overlapped that of the Third avenue, and by reason thereof the view of the motorman was obstructed, and that he did not see the plaintiff in time to check the speed of the car and prevent the collision. The motorman testified that the first he saw of the plaintiff's wagon was when it was not more than 15 to 20 feet from the car, and that it was impossible for him to stop the car within that distance, and in this he was sustained by several witnesses. But the motorman further testified that he could not tell the speed at which the car was being run, but that he could stop it within 15 or 20 feet if the reverse operated, and within 20 to 25 feet if it did not. It also appeared that the length of the Third avenue car was 35 feet, and that it stopped about 10 feet north of the crossing. Therefore, if the defendant's motorman had been as alert as the motorman on the Third avenue car, the collision could have been prevented, because the motorman must have had upwards of 30 feet within which to stop the car after he first saw the plaintiff. The accident, it will be remembered, occurred at a street crossing where the plaintiff had as much right to the use of the street as the defendant did. It certainly was not an act of negligence on his part to attempt to cross the street if the defendant's car was then 75 feet away, and the jury would have a right to find, if the car were this distance away, that the defendant was negligent if it did not check the speed of its car and prevent a collision. A duty rested upon the motorman to have the car under control as it approached the crossing, and this duty was increased, if it be true, as contended

by the defendant, that his view of the crossing was obstructed by the Third avenue car, for which reason he should have exercised more care. He could not approach the crossing at a high rate of speed, and then, when a collision occurred, excuse himself because there was another car in front, which prevented his seeing the crossing. I am of the opinion, therefore, upon the testimony of the plaintiff's witnesses, as well as upon the testimony of some of the defendant's witnesses, a question of fact was presented for the jury, and that the learned trial justice did not err in submitting the case to them.

No other errors are alleged, and it follows that the judgment must be affirmed, with costs. All concur.