(38 Misc. Rep. 374.)

### SEGGERMAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Special Term, New York County.   July, 1902.)

1. STREET RAILROADS—COLLISION—CONTRIBUTORY NEGLIGENCE.

Where a driver approaches a cross street in the daytime, and sees, a block distant from the street railroad crossing, a motor car approaching at the rate of 20 miles an hour, with its motorman not looking ahead, he is guilty of contributory negligence if he attempt to cross when the motor car is not more than 50 feet away from him.

2. NEW TRIAL—CONDITIONS—COSTS.

Where a verdict against a defendant is set aside as against the weight of evidence, defendant must stipulate that on final recovery its costs shall not be taxed against the plaintiff, and, if plaintiff finally recovers, entire costs shall be taxed in his favor.

Action by Victor A. Seggerman against the Metropolitan Street Railway Company.   Verdict for plaintiff.   Motion for new trial granted.

Edwin T. Taliaferro and Max J. Kohler, for plaintiff.
Edward P. Coyne and Theodore H. Lord, for defendant.

RUSSELL, J.   The plaintiff recovered a verdict of $1,150 for injuries sustained by a collision with a north-bound car of the defendant between 8 and 9 o'clock in the morning of November 2, 1899, at 8th avenue and 137th street.   Upon the evidence it was within the province of the jury to find that the motorman was negligent, and no error is claimed as to the charge of the court in that respect.   The question of contributory negligence, upon a review of the case, is much more serious.   The plaintiff was driving a single horse attached to a light wagon with pneumatic wheels, going westerly, and, according to his own testimony, had unusual opportunity to avoid a collision likely to be harmful to himself, or possibly to passengers within the car.   Upon his perception of the situation just prior to the accident, so clearly and precisely related by him from an undisturbed memory of what happened, the jury quickly found the negligence of the motorman, and it remains for us to consider whether that same view, produced from the memory of the plaintiff, which brought the verdict of negligence, did not also require different action on the part of the person driving directly into a position of obvious danger.   The plaintiff had his horse under perfect control. He saw the car coming a full block below the point of crossing, his mind working with such a remarkable precision that he observed it was coming at the rate of 20 miles an hour.   He saw it again 100 feet away, approaching at increased speed.   He also clearly observed, at both times when he saw the car approaching, that the motorman had his head turned away from the straight line of vision toward the houses on the side, showing that to his intelligence came at once the probability that a motorman, neglecting to observe

whether he was likely to run into some obstacle, was still maintaining dangerous speed near a crossing, so that in about 3½ seconds that car would reach the point of crossing. As he reached the track the car was 25 or 30 feet away, and still he persisted in the attempt to cross the track, with the inevitable result that the collision happened. It is not a case where the plaintiff had a right to rely upon the bounden duty of the motorman to keep his car under control, because he had continuous notice that the motorman was not keeping that car under control, and was neglecting his duty to ascertain the possibility of danger. It is not a case where the plaintiff was placed in a position of imminent danger by the act of another, without the lack of reasonable prudence of his own. There was no emergency. The instant the plaintiff observed the unmistakable signs that danger was probable, if he persisted in his attempt to cross in advance of the car the duty also came upon him to use his sight and intelligence to ascertain whether that danger was so lessened by checking the speed of the car, or by the attention of the motorman to his duty, and to guide his own action accordingly, until reasonable prudence would dictate that the passage might be made in safety. Getman v. Railroad Co., 162 N. Y. 21, 56 N. E. 553. . It will hardly do for the jury to adopt the plaintiff's version of the occurrence to charge the motorman with negligence, and at the same time relieve the plaintiff from the obligation of the duty on his own part which that version shows came from the exercise of his own intelligence. I do not perceive anything in the testimony of the plaintiff to indicate, either from perturbation of mind, unruly conduct of the horse, or signs of the awakening perceptions of the motorman to the necessities of the situation, that begat a confidence which would justify the plaintiff in the belief that he could cross in safety. The case of Schoener v. Railroad Co., 72 App. Div. 23, 76 N. Y. Supp. 157, was undoubtedly well decided. It was plain that the plaintiff in that case had the right to infer from the circumstances that the motorman would approach the place of crossing with car under control, so that he might venture across the track which he had the right to pass. I am the more confirmed in the conviction that a new trial should be had from a doubt as to whether the court was right in declining to charge the requests of the defendant in respect to the contributory negligence, and thus emphasize more clearly the duty under which the plaintiff acted.

In the view of this court, the verdict of the jury was not correct. It seems, therefore, unjust to charge the defendant with the costs of the trial, which resulted in a verdict which ought not to have been had. If it has the right to have the verdict set aside, should it be compelled to pay for the granting of that right? And yet the plaintiff may ultimately succeed on another trial. Hence courts deem it proper to exercise discretion as to the terms upon which a new trial may be had where the verdict is set aside as against the weight of evidence. Is it not the best way to require a stipulation by the defendant that in the event of the final recovery by the defendant its costs shall not be taxed against the plaintiff, and that in

case of a recovery by the plaintiff entire costs may be awarded in his favor? It is so ordered, and a new trial granted upon the terms stated.

Ordered accordingly.