their duty. If this be controlling in this case, presumption becomes stronger than proof, and inference entitled to greater weight than absolute testimony; for, in order to sustain the plaintiff's contention here, we must not only indulge in a presumption that the officials have performed their duty by attaching the warrant and affidavit to the rolls, but the further presumption that the official who is made the custodian of the rolls has not only failed to perform his duty, but has absolutely been guilty of malfeasance by destroying the affidavit and warrant properly attached to the roll, and which it was his duty to keep intact. We think we go as far as the situation warrants when we say that a question of fact was raised for the determination of the trial court; for, if we go further, and apply the rule which the plaintiff invokes to other phases of the case, the presumption would be just as strong that the officials who had charge of the rolls had not been derelict in their duty, and had not detached any portion of the paper or document which it was their duty to retain control of. So that, indulging in the presumptions and proofs, the trial court, whether reaching the same conclusion that we might or not, was justified in finding that there was no warrant or affidavit attached to the roll, and that, therefore, the mayor never acquired jurisdiction to execute the lease under which the plaintiff claims.

We do not deem it necessary to examine the further questions in this case, namely, that of the statute of limitations, and the validity of the defendants' deed, for the plaintiff, if entitled to recover, must recover upon the strength of his own title, and not upon the weakness of the defendants'. The questions are purely those of law, no equities existing in favor of plaintiff, and such equities as may be said to exist being entirely in favor of the defendants.

If our conclusions as above stated are correct, plaintiff had no legal title to the premises, the judgment of the trial term was right, and should be affirmed.

Judgment affirmed, with costs. All concur.

---

(100 App. Div. 157)

### CRAVEN v. INTERNATIONAL RY. CO.

(Supreme Court, Appellate Division, Fourth Department. January 4, 1905.)

1. STREET RAILROADS—INJURIES TO PASSENGERS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to one having left a street car, while going round the end of the car, from which she alighted, to reach a car running on an intersecting street, to which she desired to transfer, by being struck by a car running in the opposite direction to that from which she alighted, evidence *held* to require the submission of defendant's negligence and plaintiff's contributory negligence to the jury.

2. SAME—ORDINANCES—OBEDIENCE.

A city ordinance providing that no driver of a street car in the city shall allow the car to pass any other car standing at any crossing for the discharge or reception of passengers until the standing car shall have started on its course, and cleared at least 20 feet, is applicable to a

case where the street car company caused its cars to be stopped to discharge passengers before crossing a street, though it was difficult for the railroad company to obey the ordinance under such circumstances.

Stover, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Agnes Craven against the International Railway Company. On motion by plaintiff for a new trial on the case, and exceptions ordered to be heard at the Appellate Division in the first instance after a dismissal of the complaint. New trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Clarence M. Bushnell, for plaintiff.
Charles B. Sears, for defendant.

HISCOCK, J. While crossing one of defendant's street railroad tracks in the city of Buffalo plaintiff was struck and injured by one of its cars. Upon the trial the learned justice held that she had failed to establish a cause of action, and directed a nonsuit. We think that this was error, and that she should have been allowed to have the jury pass upon her claim.

In the city of Buffalo Genesee street runs substantially east and west, and Jefferson street crosses it substantially at right angles. Defendant at the time of the accident operated a double track surface railroad in each street. At about 5:30 p. m. on February 26, 1902, plaintiff was proceeding westerly upon Genesee street, upon one of defendant's cars which ran upon the northerly track in said street. She desired, at the intersection with Jefferson street, to transfer to a car running southerly upon the latter street upon the westerly track therein. The car upon which she was riding stopped just easterly of Jefferson street. She could secure the Jefferson street car at a point just southerly of Genesee street. In other words, the two cars stopped at corners of the intersection diagonally across from each other. As she alighted from her car she started to pass in its rear across Genesee street and across Jefferson street to the Jefferson street car, and as she was upon the southerly track in Genesee street was struck by defendant's car proceeding easterly upon that track.

In view of the evidence indicating that the moving car which struck her gave no signals as it ran past the standing car, and in view of the ordinance prohibiting one car from passing a standing one, to which we shall hereafter refer, and under all of the circumstances of the case, we think there is no doubt that the jury would have been permitted to say that the defendant was negligent in the operation of its car. In fact, the issue of defendant's negligence has not upon this appeal been so vigorously debated as the one of plaintiff's freedom from contributory negligence. We think that the latter question is in fact the closer one, and in connection therewith we shall briefly discuss the evidence which leads us to the conclusion that plaintiff was entitled to have the jury pass upon this question, and that her complaint should not have been dismissed.

As already stated, the car upon which plaintiff was riding stopped easterly of Jefferson street. It is claimed in behalf of defendant that the ordinary stopping place for this car where passengers might alight would be upon the westerly side of the intersecting street, and it is urged that the car stopped where it did when plaintiff alighted, for the purpose of enabling the motorman to see whether a car was coming upon Jefferson street which might impede passage across that thoroughfare. There is evidence, however, that cars were accustomed to stop where the one in question did for the purpose of allowing passengers to transfer to a Jefferson street car, such as plaintiff was seeking. In addition to this, there is testimony that the conductor upon the car in question just before it stopped in substance notified passengers to there transfer to Jefferson street. We therefore think that the jury would have had a perfect right to find that plaintiff, by and with the consent and direction of the defendant, might properly alight and attempt to make the transfer where she did. Neither could it be said as a matter of law that plaintiff was guilty of contributory negligence because she passed in the rear of the car from which she allighted instead of in front thereof. The car had stopped a little before reaching the crossing, and the more direct course for plaintiff to take was to pass in the rear of the car, and thence diagonally to the Jefferson street car, as she did attempt to.

The more serious question arises with respect to the conduct of plaintiff in not seeing and detecting the approaching car before it struck her. Upon this point she says that as her car stopped, and she arose to pass therefrom, she looked down Genessee street as far as Jefferson street, and saw the Jefferson street car passing across Genesee street, but saw no other car approaching upon the latter street; that again just before she alighted from the rear platform she looked down Genesee street, and saw no car approaching thereon. It is stated that when she thus looked she could have seen quite a distance down Genesee street. The defendant says she could have seen down there several hundred feet, but the plaintiff says she saw down as far as Jefferson street, which would have been about 100 feet. After she alighted and passed around the rear end of the car she looked again, but upon this occasion she had passed upon the track so that her looking did no good, she being struck at the very instant.

The precise narrow question therefor is whether, as matter of law, plaintiff was guilty of contributory negligence because she did not look for the approaching car a third time before she stepped upon the track. Under some circumstances she doubtless would have been, but under those existing in this case we think not. Plaintiff had been invited or directed by the defendant's agent to make her transfer at this point, and we think that this invitation or direction was somewhat of an assurance that she would have an opportunity to make such transfer in safety, which she was allowed to take into account in determining how often and how vigilantly she must look for the approaching car. In addition to that, there was at this time in force in the city of Buffalo an ordinance which provided:

"No driver or other person having the charge and control of any street railroad car within the city of Buffalo shall permit or allow such car to

pass any other car standing at any crossing for the discharge or reception of passengers, until such standing car shall have started on its course, and cleared at least 20 feet," etc.

A jury would have the right to presume that plaintiff knew of this ordinance so general in its character, and of the general practice thereunder, and that it also had influence upon her in determining her course of action. It is urged by the learned counsel for the defendant that this ordinance did not cover such a case as this; that there would be difficulty in following it under the circumstances disclosed in this case; that if the approaching car had stopped as required it would have obstructed Jefferson street, and would have precipitated other difficulties; and that, therefore, the defendant could not be expected to obey it. We think that the defendant itself would be responsible for any difficulties which might arise from observing the ordinance, and that if it saw fit to stop its cars for the discharge of passengers where a jury might say the one in question stopped it could not escape responsibility for disobedience of the ordinance because it would be difficult to obey it.

Having, in mind, then, these surrounding circumstances, and having looked twice while upon the stopping car for the approach of another one, we are not prepared to say that the plaintiff, as matter of law, was guilty of contributory negligence for not looking a third time for an approaching car as she hurried across the street to catch the one upon Jefferson street. Upon the other hand, the conclusion forms itself in our minds that a jury might say that under the assumptions of safety permitted to be drawn by her she had already exercised reasonable care in looking for a car, and had a right to attempt to cross the track in the belief that she would not be struck down by a car coming upon it. Neither is she to be deprived of the benefit of these deductions simply because as matter of fact she did look a third time as she was crossing the track. As a matter of extra precaution, or of habit, or of involuntary action, she might make this extraordinary observation without being deprived of those favorable inferences by the jury, as a question of fact, which would have relieved her from taking the third and last observation. We think that plaintiff's exceptions should be allowed, and her motion for a new trial granted.

Plaintiff's exceptions allowed, and her motion for a new trial granted, with costs to plaintiff to abide event. All concur, except STOVER, J., who dissents.