JOHN  J.  REED, Respondent, *v.*  METROPOLITAN  STREET
RAILWAY  COMPANY, Appellant.

CONTRIBUTORY NEGLIGENCE.  Where, in an action for personal injuries
sustained by the plaintiff, who, passing behind the rear of a car and
stepping on to an adjoining track, was struck by a car approaching from
the opposite direction, it appears that he failed to exercise ordinary cau-
tion in ascertaining whether or not the track was clear, he is chargeable
with contributory negligence as matter of law.
   *Reed* v. *Met. St. Ry. Co.*, 87 App. Div. 427, reversed.

(Argued January 16, 1905; decided January 24, 1905.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered
November 20, 1903, affirming a judgment in favor of plain-
tiff entered upon a verdict and an order denying a motion for
a new trial.
   The nature of the action and the facts, so far as material,
are stated in the opinion.

   *Bayard H. Ames, Charles F. Brown* and *Henry A. Rob-
inson* for appellant.  The plaintiff was not shown to have
been free from contributory negligence.  (*Thompson* v. *B.
R. R. Co.*, 145 N. Y. 196; *Doyle* v. *A. R. R. Co.*, 5 App.
Div. 601; *Scott* v. *T. A. R. R. Co.*, 41 N. Y. S. R. 152;
*Jackson* v. *Union Railway Co.*, 77 App. Div. 161; *Little* v.
*T. A. R. R. Co.*, 83 App. Div. 330; *McKinley* v. *M. S. R.
Co.*, 77 App. Div. 256; *Johnson* v. *T. A. R. R. Co.*, 69 App.
Div. 247; *Kappus* v. *M. S. R. Co.*, 82 App. Div. 13; *Mehrle*
v. *B., etc., R. R. Co.*, 59 App. Div. 617; *Biederman* v. *D.
D., etc., R. R. Co.*, 54 App. Div. 291; *Thompson* v. *M. S.
R. R. Co.*, 89 App. Div. 10; *Lynch* v. *T. A. R. R. Co.*, 88
App. Div. 604.)

   *S. K. Lichtenstein* and *Henry M. Wise* for respondent.
The questions concerning the negligence of defendant and

the contributory negligence of plaintiff were properly submitted to the jury. (*Schoener* v. *M. S. R. Co.*, 72 App. Div. 23; *Frank* v. *M. S. R. Co.*, 58 App. Div. 100; *Hoyt* v. *M. S. Ry. Co.*, 73 App. Div. 249; *Sesselman* v. *M. S. R. Co.*, 76 App. Div. 326; *Schwarzbaum* v. *T. A. R. R. Co.*, 54 App. Div. 164; *Kleiner* v. *T. A. R. R. Co.*, 162 N. Y. 193; *Gorton* v. *E. R. Co.*, 45 N. Y. 662; *Salter* v. *W. & B. R. R. R. Co.*, 59 N. Y. 631; *Flannagan* v. *N. Y. C. & H. R. R. R. Co.*, 70 App. Div. 505; affd., 173 N. Y. 631; *Sayer* v. *King*, 21 App. Div. 624.)

Bartlett, J. The plaintiff seeks in this action to recover damages for personal injuries due to the alleged negligence of the defendant. The plaintiff, on the afternoon of March 27th, 1900, at about five o'clock, in broad daylight, alighted from an Eighth avenue car, north bound, at the corner of 81st street and Central Park West.

The defendant has at this point two tracks. The northbound cars are run upon the easterly track, which is located so near the curbstone as to enable passengers alighting to step upon the sidewalk. The westerly track is used for the southbound cars.

The plaintiff testified that in his judgment there was scarcely more than a foot of space between two cars passing each other in opposite directions on these tracks. According to the plaintiff's testimony he alighted from the car at 81st street, and standing there with his face to the north looked up the avenue. He said : "I could see 82nd street and more this side of it. I should estimate I could see pretty nearly half the block, between a quarter and a half of the block this side of 82nd street. * * * I did not see anything through the car. My view was obstructed."

In other words, the plaintiff frankly admits that he could see no portion of the south half of the block between 82nd and 81st streets. The plaintiff's testimony then proceeds : "After the two seconds I started at once to cross the street to go to the other side of Eighth avenue. I was about a foot or

or a foot and a half behind this north-bound car, from which I had just alighted, when I started across very close to the back platform or dashboard. I walked across that street at an ordinary medium gait. After I started I listened. As to what I did in the way of looking as I passed behind that car to cross the street. * * * I watched for vehicles coming from a southerly direction, and used my ears to hear what was coming from the northerly direction. Q. Did you look to see what was coming from a northerly direction? A. I could see nothing in the back of the car; no, sir. Q. You couldn't see? A. No, sir; nothing coming from the north. And I went right straight on the north-bound track, although I couldn't see what was coming. I looked north and saw I couldn't see anything, as I was crossing behind that car. * * * As I was crossing that track there might have been some point when this north-bound car ceased to obstruct my view up the avenue, but I doubt it. * * * After I had crossed this track I went onto that space between its track and the south-bound track. When I got there I did not look north and see if anything was coming down on that south-bound track. I went right on and stepped onto the east rail of the south-bound track, and got one foot over it, when I was struck. I had one foot to the east of that east rail, and one foot to the west of that east rail. I was straddling it, and that moment I was struck."

The plaintiff appears to have testified with great frankness, and we are of opinion that on his testimony the judgment appealed from cannot be sustained. His account of the transaction shows him guilty of contributory negligence as matter of law.

The situation discloses the failure to exercise ordinary caution. A person passing behind the rear of a car and stepping on to the track where a car may be approaching from the opposite direction, is bound to satisfy himself that the way is clear. It is apparent that the slightest caution on the part of this plaintiff would have advised him of the presence of the approaching car and avoided this accident.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur; GRAY, J., not sitting.

Judgment reversed, etc.