KNAPP v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

STREET RAILROADS—INJURIES TO BICYCLIST—CONTRIBUTORY NEGLIGENCE.

Plaintiff, approaching a street railway track to cross the same, looked for cars approaching when he was some 15 feet south of an elevated railroad pillar, and, not seeing any car, attempted to cross the track after turning sharply to avoid the pillar, without looking again, and was struck by a car which was so close to him that a collision was unavoidable. *Held*, that the fact that plaintiff looked once in the position where he was did not justify him in afterwards turning and crossing the track without making an attempt to ascertain if it was safe to cross, and that he was guilty of contributory negligence, as a matter of law.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 207–208, 256, 257.]

Appeal from Trial Term, New York County.

Action by Horace G. Knapp against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, and from an order denying plaintiff's motion for a new trial, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Bayard H. Ames, for appellant.
Archibald Foote Clark, for respondent.

INGRAHAM, J. The plaintiff was injured by one of the defendant's cars at 8th avenue and 151st street, in the city of New York. At this locality the defendant operates a surface railroad propelled by electricity. Over its road there is an elevated railway, supported by pillars in the street. At the junction of 151st street and 8th avenue, there is an elevated railroad pillar in the center of 151st street, about three feet from the defendant's track. The plaintiff was proceeding north on 8th avenue on a bicycle, on the east side of the road. As he approached 151st street, within about 15 feet of this pillar, he looked up and down the avenue, but saw no approaching car. He continued slowly on his bicycle until reaching the pillar, when he turned sharply to the west to cross the track. As the front wheel of his bicycle

touched the east rail of the defendant's road, he saw one of the defendant's cars rapidly approaching, about 15 feet from him. He pushed forward to cross in front, but was not successful, and was struck by the car and injured. He did not look for an approaching car after turning the pillar of the elevated railroad structure until the wheel of the bicycle was upon the easterly track. There is evidence that the speed of the car was about 12 miles an hour, and that at that speed it would cover the 15 feet in less than a second. The plaintiff testified:

"I had about reached the pillar in the center of 151st street, and making my views in different directions to see if there were any approaching vehicles. I looked up the avenue to see if any car was coming down. Then I turned, after I got a little beyond the center pillar—say four or five feet, in my judgment— I turned across, and, just as the front of my bicycle had touched the easterly track, I saw that there was a car within perhaps fifteen feet of me. Just as my front wheel reached the easterly track—the easterly rail. Then I braced myself in my pedals, in an instinctive effort to make my escape if I could. * * * My wheel was not entirely stopped. No; I couldn't stop my wheel. It seems not more than one second, and I was hit. * * * I remember that there was a noise of trains, or an engine, or something of that sort, overhead."

On cross-examination he testified that the last time he looked south was at a point about 15 feet south of the pillar in the center of the street; that he then looked north to see if any car was approaching from the opposite direction, and then looked about for pedestrians or any other objects or vehicles that might be near. A witness who saw the accident testified that he saw the plaintiff just as he approached the southerly boundary of 151st street; that at about that time he noticed the plaintiff turn a little to the left and turn south, then saw him turn his head to the east and to the west slightly; that, after passing the southerly boundary of 151st street, he turned sharply to the left, as near as he could, from the view of the witness, without hitting the abutment on which the pillar rests that supports the elevated structure, and that about all he did then was to get knocked off his wheel; that he was struck at that point; that at that time, when he turned, the car was not more than fifteen feet distant; "almost onto him; practically onto him"; that at that time he saw the motorman; that the motorman had his left foot either on the controller or close to it; that he was standing looking rather sideways from his platform, not looking ahead, his body facing a little south of east; that at the time the motorman was 15 feet away, or shortly thereafter, the witness saw him immediately start with both hands; that he turned and shut off his power and applied his brake; "he seemed to be very energetic"; that the car moved from 25 to 30 feet after it struck the plaintiff; that at that time there were trains upon the elevated railroad structure; that he could not tell what the motorman was looking at; and that it all happened in an instant.

At the end of the plaintiff's case the defendant moved to dismiss the complaint, which was denied, and the defendant excepted.

On behalf of the defendant a witness was called who testified that as he neared 151st street he heard bells of a car ringing and heard shouting; that he saw the plaintiff turn to cross the street, and that just then the car and the plaintiff came together; that his wheel hit

the fender of the car, and the plaintiff was struck; and that the plaintiff increased the speed of the bicycle when about the south cross-walk of 151st street, and started then in a diagonal direction across the track. The defendant then rested, and renewed its motion to dismiss the complaint, which was denied, and the case was submitted to the jury, who found a verdict for the plaintiff.

I think that upon this evidence the plaintiff was guilty of contributory negligence which precluded a recovery. Assuming that the jury were authorized to find that the failure of the motorman to give warning of the approach of the car, considering the speed with which the car approached the crossing, would be evidence of negligence, the plaintiff was not justified in crossing this track immediately in front of an approaching car, so that it was impossible for him to cross without being struck. The witnesses all testified that when the plaintiff turned to cross the track the car was not over 15 feet from him. If he had looked, he must have seen the car, and must have seen that it was impossible to cross the track in safety. The fact that he looked 15 feet south of the elevated pillar, without seeing the car, did not justify him afterwards in turning and crossing the track, without making some attempt to ascertain whether it was safe to cross. The witnesses united in saying that it all happened in an instant—the plaintiff turning to cross the track, the approach of the car, and the collision. It is therefore apparent that when the plaintiff turned his bicycle to cross the track the car was so close that a collision was unavoidable. It was contributory negligence to ride in front of an approaching car under these circumstances, and for the accident which resulted the plaintiff, not the defendant, is responsible.

In Reed v. Met. St. Ry. Co., 180 N. Y. 315, 73 N. E. 41, the plaintiff attempted to cross the tracks of the defendant company behind a north-bound car. He testified that he walked across the street at an ordinary medium gait; that after he started he listened; that he could not see anything in the back of the car; that he could see nothing coming from the north, because the car from the south was in the way; that he went straight on the north-bound track, although he could not see what was coming; that when he got between the tracks he did not look north to see if anything was coming from that direction; that he went right on, and stepped onto the east rail of the south-bound track, and had got one foot over it when he was struck; and the Court of Appeals held that this account of the transaction showed the plaintiff to be guilty of contributory negligence, as a matter of law. I think that that case is decisive. After the plaintiff reached the elevated railroad pillar, and turned and crossed the track, if he had then looked he must have seen the approaching car, and he himself testified that he could then have stopped and avoided the accident. The accident therefor was due to the failure of the plaintiff to look before he attempted to cross the track and he was therefore guilty of contributory negligence.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.