HORACE GREELEY KNAPP, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Negligence — collision between a bicycle rider and an electric street car — the failure of the bicycle rider to look for a car a second time just before crossing the tracks constitutes contributory negligence.*

In an action brought to recover damages for personal injuries it appeared that the defendant operated an electric street surface railroad on Eighth avenue in the city of New York and that at the junction of Eighth avenue with One Hundred and Fifty-eighth street there was an elevated railroad pillar in the center of One Hundred and Fifty-eighth street about three feet from the defendant's track; that the plaintiff was riding a bicycle northerly along Eighth avenue on the east side of the street; that when he reached a point fifteen feet south of the pillar mentioned he looked up and down the avenue but saw no approaching car; that he continued slowly on his bicycle until he reached the pillar when he turned sharply to the west to cross the track; that as the front wheel of his bicycle touched the east rail he saw one of the defendant's cars rapidly approaching about fifteen feet distant ; that he pushed forward in an attempt to escape, but was struck by the car and injured. There was evidence tending to show that the car was traveling at a speed of twelve miles an hour and that no signal was given of its approach.

*Held,* that the plaintiff was guilty of contributory negligence in attempting to cross the track when the car was within fifteen feet of him;

That the fact that he had looked when fifteen feet south of the pillar without seeing the car did not justify him in crossing the track without making some further attempt to ascertain whether it was safe to cross.

Appeal by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of May, 1904, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 8th day of June, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Bayard II. Ames,* for the appellant.

*Archibald Foote Clark,* for the respondent.

Ingraham, J. :

The plaintiff was injured by one of the defendant's cars at Eighth avenue and One Hundred and Fifty-first street, in the city of New York. At this locality the defendant operates a surface railroad propelled by electricity. Over its road there is an elevated railway supported by pillars in the street. At the junction of One Hundred and Fifty-first street and Eighth avenue there is an elevated railroad pillar in the center of One Hundred and Fifty-first street, about three feet from the defendant's track. The plaintiff was proceeding north on Eighth avenue on a bicycle on the east side of the road. As he approached One Hundred and Fifty-first street, within about fifteen feet of this pillar, he looked up and down the avenue, but saw no approaching car. He continued slowly on his bicycle until reaching the pillar, when he turned sharply to the west to cross the track. As the front wheel of his bicycle touched the east rail of the defendant's road, he saw one of the defendant's cars rapidly approaching, about fifteen feet from him. He pushed forward to cross in front, but was not successful, and was struck by the car and injured. He did not look for an approaching car after turning the pillar of the elevated railroad structure, until the wheel of the bicycle was upon the easterly track. There is evidence that the speed of the car was about twelve miles an hour, and that at that speed it would cover the fifteen feet in less than a second.

The plaintiff testified: "I had about reached the pillar in the center of 151st street, and making my views in different directions to see if there were any approaching vehicles; I had looked up the avenue to see if any car was coming down; then I turned,

after I got a little beyond the center pillar, say four or five feet in my judgment — I turned across, and just as the front of my bicycle had touched the easterly track I saw that there was a car within perhaps fifteen feet of me. Just as my front wheel reached the easterly track, the easterly rail; then I braced myself in my pedals in an instinctive effort to make my escape if I could. * * * My wheel was not entirely stopped; no, I couldn't stop my wheel. It seemed not more than one second and I was hit. * * * I remember that there was a noise of trains or an engine or something of that sort overhead."

On cross-examination he testified that the last time he looked south was at a point about fifteen feet south of the pillar in the center of the street; that he then looked north to see if any car was approaching from the opposite direction, and then looked about for pedestrians or any other objects or vehicles that might be near. A witness who saw the accident testified that he saw the plaintiff just as he approached the southerly boundary of One Hundred and Fifty-first street; that at about that time he noticed the plaintiff turn a little to the left and turn south, then saw him turn his head to the east and to the west slightly; that after passing the southerly boundary of One Hundred and Fifty-first street he turned sharply to the left, as near as he could, from the view of the witness, without hitting the abutment on which the pillar rests that supports the elevated structure, and that about all he did then was to get knocked off his wheel; that he was struck at that point; that at that time, when he turned, the car was not more than fifteen feet distant, "almost on to him, practically on to him;" that at that time he saw the motorman; that the motorman had his left foot either on the controller or close to it; that he was standing looking rather sideways from his platform, not looking ahead, his body facing a little south of east; that at the time the motorman was fifteen feet away, or shortly thereafter, the witness saw him immediately start with both hands; that he turned and shut off his power and applied his brake; "he seemed to be very energetic;" that the car moved from twenty-five to thirty feet after it struck the plaintiff; that at that time there were trains upon the elevated railroad structure; that he could not tell what the motorman was looking at; and that it all happened in an instant.

At the end of the plaintiff's case the defendant moved to dismiss the complaint, which was denied and the defendant excepted.

On behalf of the defendant a witness was called who testified that as he neared One Hundred and Fifty-first street he heard bells of a car ringing and heard shouting; that he saw the plaintiff turn to cross the street, and that just then the car and the plaintiff came together ; that his wheel hit the fender of the car and that the plaintiff increased the speed of the bicycle when at about the south crosswalk of One Hundred and Fifty-first street, and started then in a diagonal direction across the track.   The defendant then rested and renewed its motion to dismiss the complaint, which was denied, and the case was submitted to the jury, who found a verdict for the plaintiff.

I think that upon this evidence the plaintiff was guilty of contributory negligence, which precluded a recovery.   Assuming that the jury were authorized to find that the failure of the motorman to give warning of the approach of the car, considering the speed with which the car approached the crossing, would be evidence of negligence, the plaintiff was not justified in crossing this track immediately in front of an approaching car, so that it was impossible for him to cross without being struck.   The witnesses all testified that when the plaintiff turned to cross the track the car was not over fifteen feet from him.   If he had looked, he must have seen the car and must have seen that it was impossible to cross the track in safety.   The fact that he looked fifteen feet south of the elevated pillar without seeing the car did not justify him afterwards in turning and crossing the track without making some attempt to ascertain whether it was safe to cross.   The witnesses united in saying that it all happened in an instant — the plaintiff turning to cross the track, the approach of the car and the collision.   It is, therefore, apparent that when the plaintiff turned his bicycle to cross the track the car was so close that a collision was unavoidable.   It was contributory negligence to ride in front of an approaching car under these circumstances, and for the accident which resulted the plaintiff, not the defendant, is responsible.

In *Reed* v. *Met. St. R. Co.* (180 N. Y. 315) the plaintiff attempted to cross the tracks of the defendant company behind a north-bound car.   He testified that he walked across the street at an

ordinary, medium gait; that after he started he listened; that he could not see anything in the back of the car; that he could see nothing coming from the north, because the car from the south was in the way; that he went straight on the north-bound track, although he could not see what was coming; that when he got between the tracks he did not look north to see if anything was coming from that direction; that he went right on and stepped onto the east rail of the south-bound track, and had got one foot over it when he was struck, and the Court of Appeals held that this account of the transaction showed the plaintiff to be guilty of contributory negligence as a matter of law. I think that that case is decisive. After the plaintiff reached the elevated railroad pillar and turned and crossed the track, if he had then looked he must have seen the approaching car, and he, himself, testified that he could then have stopped and avoided the accident. The accident, therefore, was due to the failure of the plaintiff to look before he attempted to cross the track, and he was, therefore, guilty of contributory negligence.

It follows that the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.