### RING v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. November 28, 1906.)

1. STREET RAILROADS—INJURIES TO PEDESTRIANS—ABSENCE OF CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.

A street railroad was situated within 2½ feet of the west curb of the street, and along such curb was a row of pillars, shutting off a view of the track from a person walking south on the east side of the west walk. A pedestrian, who had been walking south during rush hours, started at a proper place to cross the street from such position, without first stepping west, so as to obtain a diagonal view between the pillars, or leaning over the curb to the east far enough to obtain an unobstructed view. She did, however, look as she stepped, but was unable to step back, so as to avoid a car rapidly approaching from the south. *Held* sufficient to support a verdict for plaintiff, based on the exercise by pedestrian of ordinary care.

Appeal from Kings County Court.

Action by Margaret T. Ring against the Nassau Electric Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

I. R. Oeland, for appellant.
Andrew C. Morgan, for respondent.

HOOKER, J. The defendant appeals from a judgment in plaintiff's favor, and from an order denying a motion for a new trial, in this action for personal injuries alleged to have been caused by the defendant's negligence. At the time of the accident defendant operated a line of street railway in Washington street, in the borough of Brooklyn. That street runs nearly north and south. Somewhat to the east of the center of the street was a double track of railway, the most westerly rail of which was 19 feet 7 inches distant from the west curb of the street. Near the west curb was a third, or switch, track, the westerly rail of which was 2 feet 6 inches distant from the west curb of the street. Nassau street crosses Washington street at right angles, and at

the west side of the latter street the distance between the curbs of Nassau street is 32 feet. A row of pillars supporting the approach to the Brooklyn Bridge stood in the sidewalk on the west side of Washington street. One of these pillars was immediately in the angle at the junction of the north curb of Nassau street and the west curb of Washington, its east face being about a foot or a foot and a half west of the Washington street curb, and its south face about the same distance north of the Nassau street curb. At the southwest corner of these streets was another pillar, similarly situated at the junction of the curbs, and continuing south for a whole block were similar pillars, approximately 27 feet apart, whose faces were distant from the curb line of Washington Street about a foot or a foot and a half. All the pillars were about 15 inches wide. On the 19th day of July, 1904, between 6 and half past 6 o'clock in the afternoon, the plaintiff, with three friends, was going south on the west side of Washington street, approaching Nassau street. She was walking on the part of the sidewalk between its center and the curb, and when she reached Nassau street she stopped for a moment to speak with her friends, and then turned eastward to cross Washington street at the north line of Nassau street. This was in rush hours and the sidewalk was full of people. She testified that, when she went to step down off the curb, she looked to see if a car was coming, and as she was in the act of stepping she discovered a car approaching from the south on the switch track at a very rapid rate. Her evidence in this respect was as follows:

"When I stepped down, I looked to see if a car was coming. First I could not see any on account of the pillars. I looked. I did not see any car there. When I went to step down, I looked, and I saw the car coming down. I went to step back. As I did, the car struck me. Before I could get out of the way it caught me. It struck me on the shoulder and knocked me over."

She testified that she heard no bell or gong sounded. The jury has found that the plaintiff was not guilty of contributory negligence, and the defendant on this appeal asks us to hold as a matter of law that she was guilty of negligence which contributed to the accident.

We are of the opinion that the defendant's contention should not prevail. Among other courses, at least these three were open to the plaintiff at the time she turned from speaking to her friends to go eastward: She could have stepped far enough to the west in the sidewalk, so that she would have had a diagonal view between the pillars, which have been mentioned, and could have then discovered if a car were approaching on the switch track from the south. Or she could have stood close to the curb on the westerly side of Washington street, and leaned over that curb toward the east far enough to obtain a view southward unobstructed by the pillars. We hardly think the plaintiff was required, as matter of law, to go to the length of either of these two courses, or, in the alternative, suffer conviction of failure to exercise ordinary caution. Or, third, she could do as she testified that she did, namely, start to cross the street by stepping off the curb, and look as she stepped. The switch track was so near the curb, and the car was approaching so rapidly, that, although she discovered its proximity and tried to recover herself as she stepped, she was unable to get

out of the way, and was injured. Under the circumstances of the case, her negligence was a question for the jury. It appears that she was mindful of her safety, for she looked as soon as she cleared the line of pillars, which was as soon as looking would have availed anything. The record presents no question for our consideration involving the matter of the defendant's negligence. The situation does not disclose her failure to exercise ordinary caution, and with the jury's determination that she exercised the degree of caution which an ordinarily prudent person would have shown under the same or similar circumstances we should not interfere, on the ground that the record is barren of evidence to sustain that finding of fact.

The defendant refers to Reed v. Metropolitan Street R. Co., 180 N. Y. 315, 73 N. E. 41, as an authority to sustain its position. In our view this case is not decisive of the question here presented. There the plaintiff passed behind a street car standing at a street corner, and in attempting to cross the adjacent parallel track was struck by a car approaching from the opposite direction. There the plaintiff testified:

"When I got there, I did not look north and see if anything was coming down on that southbound track."

The difference between the cases lies in this: That, whereas, Reed never looked, or tried to look, or attempted by the use of his sense of sight to ascertain if it was safe to cross, the plaintiff in the case at bar looked as she stepped, and as soon as she could see, presumably supposing she could avoid impending danger, even though she did not become acquainted with its presence until she was stepping off the sidewalk. She erred in judgment; but the error does not establish the absence of ordinary care as matter of law.

The judgment and order should be affirmed, with costs. All concur.