tiff was dismissed, upon the ground that he had notice that, if he used the lift, he took the risk. His exception was directed to be heard at the first instance in this court.

We think that the exception was well taken, and that there must be a new trial. There was testimony that when the plaintiff worked in his first term he and the other employés were accustomed to use the lift daily. There was also testimony that some of the employés usually made use of the lift when they wished to go up or to go down in the building for a considerable distance, that some of the employés rode in the lifts every day, and that they were permitted to make such use of them by the man in charge of the lifts. The plaintiff testified that during his first term of service the president of the defendant told him to use this lift on more than one occasion. The court did elicit that this instruction was given to the plaintiff when he was on the sidewalk with cases, and that he was told to "hurry up and get those cases up." But in answer to the court's question, "Q. I know, but did he tell you to get on the elevator in preference to going up the stairs?" he said, "Yes, sir; he told me to get on." This statement was denied by the president of the defendant; and the defendant offered testimony counter to that as to the uses of the lift, yet part of the testimony as to use was elicited from defendant's own witnesses.

We think that the court erred in dismissing the plaintiff upon the ground stated, inasmuch as there was a question for the jury whether, in view of the evidence, the notice was in full force at the time of the accident, or whether there was an acquiescence by the master in such use of the lift as was made of it by the plaintiff. McNee v. Coburn, 170 Mass. 283, 49 N. E. 437; Aken v. Barnet, etc., Co., 118 App. Div. 463, 103 N. Y. Supp. 1078, affirmed 192 N. Y. 554, 85 N. E. 1105; Labatt on Master and Servant, 232. We do not pass upon any other question.

Plaintiff's exceptions sustained, and new trial granted, costs to abide the event. All concur, except THOMAS, J., who dissents.

---

### MAYNARD v. ROCHESTER RY. CO.

(Supreme Court, Appellate Division, Fourth Department. January 12, 1910.)

STREET RAILROADS (§ 114*)—INJURIES TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action by one who after passing behind a standing street car was struck by a car on the other track, evidence *held* not to sustain a finding that plaintiff was free from contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 114.*]

Kruse, J., dissenting.

Appeal from Trial Term, Monroe County.

Action by Rachel Maynard against the Rochester Railway Company. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Harris, Havens, Beach & Harris and W. A. Matson, for appellant. Forsyth Bros., for respondent.

WILLIAMS, J.   The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide event.

The action is to recover damages for personal injuries alleged to have resulted from defendant's negligence.  The plaintiff left one of the defendant's cars at a street crossing, passed behind that car, and was struck by a car going in the opposite direction, as she attempted to cross in front of it.

The only questions raised upon this appeal relate to plaintiff's alleged contributory negligence.  The defendant claims that there was no evidence for the jury upon that question, or, at least, that the verdict was contrary to and against the weight of the evidence.  The car which struck the plaintiff was going fast, but it is claimed that she could have seen, and must have seen, the car approaching, and should not have gone in front of it, and that, when she did so, she was guilty of negligence.  The two ladies who left the car ahead of plaintiff and passed behind that car and across in front of the approaching car saw the latter car as they were about to cross in front of it, but it was then far enough away so that they could pass over safely, and they were not therefore negligent in so doing.  When the plaintiff, however, was about to go upon the track, the car was very near her, and she should not have attempted to cross in front of it.   This is the ordinary way to consider her action, but she insists, upon the particular evidence that she gave, that it became a question for the jury whether she was negligent so as to preclude her from recovering a verdict.

The court in leaving this question to the jury said:

"It was the duty of this defendant when a car was passing a car that had stopped there to give reasonable notice, and have its car under reasonable control.   The plaintiff had the right to rely that such would be the case, but she did not have the right to act blindly on the presumption that such would be the case.  She has been before you.  Her hearing is good, for she has been examined here by counsel, and there is no question of defective eyesight here.   She was bound to use for her own protection reasonably all her faculties, for she was bound to know that a car might be passing along the north tracks towards the west, and she was bound to be reasonably careful to look out for her own safety, and see that she was not injured by any such car.  All that the reasonable use of her ears and eyes would have told her in law she is presumed to know.  A person may not come into court, and, when the evidence shows the person to have had in view the object, say he or she did not see it, because they are bound to see it when a reasonable use of the eyes would enable them to see it.  *  *  *  The question is:  Did this plaintiff use all the care and caution that ordinary care and prudence directed and demanded for her own safety in passing back of the car from which she alighted, and getting in such a position as to be hit?   How far could she see if she looked toward the approaching car? That depends upon the point from which she looked, because the angle of vision extended in proportion as she advanced.  Did she have opportunity

to find out by the reasonable use of her eyes that the car was approaching in time to prevent the injury? If she did, she cannot recover."

It appears that the plaintiff was between 49 and 50 years old, a married woman, and worked at packing evaporated fruits. The accident took place in broad daylight, in the morning, as she was on her way to work. Her evidence, in brief, is that in going behind the car standing still, when she put her right foot on the last rail of that track, she listened and heard no gong or car, and saw no car coming. Then she took one more step, put her left foot forward, and that brought her to the edge of the car that was standing still. She did not see or hear any car then. Then she leaned out beyond the edge of the car, took another step forward with her right foot, and was struck by the side of the approaching car. She did not see the car until it came like a bullet and hit her.

It appears that the nearest rails of the two tracks were 5 feet 1½ inches apart, but by reason of the overhang of the cars in passing their bodies were 21½ inches apart and the steps 20 inches apart. When the plaintiff was just at the edge of the car standing still, she had 21½ inches in which to put out her head and look toward the approaching car. She claims she did lean forward and look, but admits that she did not stop, as she looked, but stepped right along towards the approaching car until she was struck. Of course, looking would do no good, unless she kept back so as to avoid the car, if it was coming. This she did not do, and her failure to do so caused the accident.

Counsel for plaintiff suggested in a request made to the court to charge that when, plaintiff leaned forward before taking the last step, it became necessary, in order to balance herself, to take the last step. That seems to have been the mere assumption of counsel. I do not find that the plaintiff so testified. This whole evidence as to taking steps with the one foot and the other, and what the plaintiff did on taking each forward step, seems rather incredible, and an afterthought with the trial in view. But, taking plaintiff's evidence as she gave it, our judgment is that she was not shown to be free from contributory negligence. Reed v. Met. St. Ry. Company, 180 N. Y. 315, 73 N. E. 41, was a case very simular to this one. In that case the plaintiff testified, after he passed by the edge of the standing car, he did not look towards the approaching car, but he had looked and listened before that time. The court there said:

"A person passing behind the rear of a car and stepping onto a track where a car may be approaching from the opposite direction is bound to satisfy himself that the way is clear. It is apparent that the slightest caution on the part of this plaintiff would have advised him of the presence of the approaching car and avoided this accident."

This language quoted is quite applicable to the case we are here reviewing. There is too much refining in the argument of counsel for plaintiff. Apparently upon leaving the tracks the plaintiff walked right along without stopping before she went in front of the approach-

ing car to ascertain whether a car was coming or not. She could have avoided the accident by the slightest care in that respect.

There had better be a new trial. The verdict is a large one, and the right to recover not sufficiently well established.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event. All concur, except KRUSE, J., who dissents and votes for affirmance.

KRUSE, J. (dissenting). I think it cannot be said as a matter of law that the plaintiff was guilty of contributory negligence in not avoiding the car which struck her. This is not a case where the injured person failed to look. She looked twice—the first time just before she passed the end of the standing car from which she alighted. The corner of the car obstructed her view to some extent, and the approaching car had not then come within the line of her vision. She took another step forward, leaning ahead as she expresses it, and then it was that she saw the fast approaching car coming toward her, as she says, "like a bullet." She was behind two other ladies who had left the car ahead of her. They succeeded in getting across. While the distance between the nearest rails of the two tracks was 5 feet 1½ inches, the actual space between the cars when passing each other was 21½ inches, and between the steps but 20 inches. If the car was going as fast as the evidence upon the part of the plaintiff shows it was going, it was gross negligence upon the part of the motorman to approach the crossing and run his car as fast as he did past the other car, which was unloading at the cross-walk and from which the plaintiff had alighted. While she was required to use her senses of sight and hearing, she had a right to take into account the fact that the standing car was unloading passengers, and at a street intersection, where drivers are required to have their cars under control. I think it should not be held as a matter of law that after having passed around the rear of the car on her way to the sidewalk, and having looked, as has been stated, she was guilty of negligence in taking a step forward toward the track upon which the moving car was approaching, and in not being able to step back far enough away from the car to avoid it striking her.

It is entirely probable that she became confused upon seeing the rapidly moving car approaching, and did not use as good judgment as she otherwise would in stepping back and avoiding the car. But, if it was a mere error of judgment upon her part, and she used such care as a reasonably careful and prudent person would have used under such circumstances, she is not to be charged with negligence. I think, under all the circumstances, the question of her negligence was one of fact, and was properly submitted to the jury.

I think the judgment and order should be affirmed.