"It is the duty of an individual or corporation constructing a bridge over a stream to provide such bridge with an opening of sufficient capacity to meet all the ordinary exigencies of the climate and the situation of the stream, and also such extraordinary exigencies as may reasonably be expected to occur, although infrequently.  Higgins v. N. Y., L. E. & W. R. R. Co., 78 Hun, 567 [29 N. Y. Supp. 563]; Mundy v. N. Y., L. E. & W. R. R. Co., 75 Hun, 479 [27 N. Y. Supp. 469].  Hence it follows that a like duty is imposed upon the state in the construction and management of an aqueduct.  Shanrahan v. State of New York, 57 App. Div. 239 [68 N. Y. Supp. 131]."

See, also, Wilson v. Pennsylvania Railroad Co., 129 App. Div. 821, 113 N. Y. Supp. 1101, and also Rochester White Lead Co. v. City of Rochester, 3 N. Y. 463, 53 Am. Dec. 316.

In the light of these authorities, and in view of the situation as disclosed by the evidence here, I think that the claimant had a valid claim against the state of New York, and that its reasonable damages should have been allowed by the Court of Claims.

It follows that the determination of that court should be reversed, and a new trial granted, with costs to the claimant to abide the event. All concur.

(151 App. Div. 240.)

PROVOOST v. INTERNATIONAL ST. RY. CO. et al.

(Supreme Court, Appellate Division, Fourth Department.  May 1, 1912.)

1. STREET RAILROADS (§ 93*)—COLLISION WITH PEDESTRIAN—GROSS NEGLIGENCE.

It is gross negligence for a street railway company to run a car at nearly 30 miles an hour past another car standing to discharge passengers.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 195–200; Dec. Dig. § 93.*]

2. STREET RAILROADS (§ 117*)—COLLISION WITH PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—JURY QUESTION.

In an action against street railway companies for death of a passenger struck by a car running in the opposite direction after he had passed to the rear of the car from which he alighted, whether he was guilty of contributory negligence held under the evidence a jury question

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

Appeal from Trial Term, Erie County.

Action by John M. Provoost, as ancillary administrator of John Cumberledge Gautley's will, against the International Street Railway Company and another.  Judgment dismissing the complaint, and plaintiff appeals.  Reversed, and new trial granted.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, and FOOTE, JJ.

Vernon Cole, of Buffalo, for appellant.
Dana L. Spring, of Buffalo, for respondents.

McLENNAN, P. J.  [1] Plaintiff's intestate, at about 11 o'clock on the morning of January 5, 1908, alighted from one of defendants'

Main Street cars, north bound, at the crosswalk on the north side of Bryant street at the intersection of Bryant street and Main street in the city of Buffalo. The defendants at this point have two tracks. The north-bound cars run upon the easterly track, while the westerly track is used for the south-bound cars. The space between the inner rails at this point was 4.4 feet. While attempting to cross defendants' tracks, using the crosswalk, a few feet in the rear of the car from which he had just alighted, the intestate was struck by a south-bound car which approached from the north at a rate of speed of about 30 miles an hour, without ringing the bell or giving any other warning and without slackening its speed, and this notwithstanding the north-bound car was still standing at the corner to discharge and take on passengers. The deceased was hit and thrown to the pavement in front of the south-bound car, passed under its fender, and was pushed a distance of about 170 feet before the car was stopped. He was then unconscious and was removed to a hospital, where he died within a half hour without regaining consciousness. The deceased was 58 years of age, in perfect health, and possessed of all his faculties.

No witness was produced who saw the deceased alight from the north-bound car; but, from the testimony of those who were with him earlier in the day and knew of his intention to visit members of his family who lived near Bryant street, the inference is warranted that he had just alighted from the north-bound car, and was attempting to cross the street upon the crosswalk in the rear of the standing car.

We have no difficulty in reaching the conclusion, upon the facts shown, that the defendants were guilty of gross negligence in running one of their cars at a speed approaching 30 miles an hour past another car which was standing at a street intersection for the purpose of discharging passengers. In the exercise of ordinary care the defendants should have used caution in so passing. In addition to that, there was at this time in force in the city of Buffalo an ordinance which provided:

"No driver or other person having the charge and control of any street railway car within the city of Buffalo shall permit or allow such car to pass any other car at any crossing for the discharge or reception of passengers until such standing car shall have started on its course and cleared at least twenty feet. Nor shall any driver or other person in charge of such standing car put the same in motion while a car on the parallel track is approaching within fifty feet."

The point to which defendants' counsel directs most of his argument, however, is that of contributory negligence. One witness testifies that he first saw the deceased at about the center of the north-bound tracks proceeding west; that while he still had one foot on the north-bound tracks he was seen to turn his head to the right, and almost at the same instant to throw up his hands and attempt to take a step backward; but that he was hit by the approaching car before he had retreated at all. This testimony is corroborated by the other witnesses, some of whom were in the car which struck the de-

ceased. From this it would seem that the deceased took the first opportunity he had to ascertain whether a car was approaching from the north, but that, owing to the excessive rate of speed at which the car was running, he did not have time to avoid it.

[2] The trial court held that, under these circumstances, the deceased was guilty of contributory negligence. We think, however, that it cannot be so held as a matter of law, but that it is for the jury to say whether under all the circumstances the deceased exercised the care which he should. He had the right to expect that the defendants would operate their car under such a situation as this in a reasonably careful manner, even if it were not brought to a full stop as required by the ordinance. Had defendants' car been proceeding at a moderate rate of speed under such circumstances, the deceased might have had ample opportunity to protect himself. We think that, while the deceased was called upon to exercise due care to discover whether a car was approaching from the north, yet he was not called upon to exercise the extraordinary degree of care which would be necessary in such a situation to avoid a street car traveling at a speed so excessive under the circumstances here shown.

Further, it cannot be assumed that the deceased was ignorant of the ordinance referred to. He had the right to believe that the defendants would not violate such ordinance. That, of course, would not authorize him to proceed blindly, without the exercise of any care at all; but in view of the ordinance, and of the fact that he did look at his very first opportunity, we think it cannot be said as a matter of law that he was guilty of contributory negligence. The jury should be allowed to pass upon that question as well as that of the defendants' negligence.

It is urged, however, that the case of Reed v. Metropolitan St. Ry. Co., 180 N. Y. 315, 73 N. E. 41, is decisive of this appeal. The case of Maynard v. Rochester Railway Co., 136 App. Div. 212, 120 N. Y. Supp. 917, is also claimed to be controlling here. The facts in Reed v. Metropolitan St. Ry. Co. were somewhat similar to those in this case, and some statements in the opinion seem to give force to respondents' contention. An examination of the record in that case, however, shows that the car which struck the plaintiff there was proceeding at not to exceed two miles an hour, and that the motorman rang the gong continuously in approaching and passing the standing car. It is therefore apparent that the exercise of the slightest degree of care by the plaintiff in that case would have enabled him to avoid injury. The case of Maynard v. Rochester Railway Co. was reversed upon the facts as well as upon the law. This appears clearly in the opinion and is also shown by the further fact that a motion was subsequently made in this court by the plaintiff in that case to amend the decision so as to show that the reversal was upon questions of law only. This motion was denied. 143 App. Div. 957, 128 N. Y. Supp. 1134.

We think neither of those cases is controlling here. The Court of Appeals has sustained a recovery in cases where the facts were similar to the case at bar. In Pelletreau v. Metropolitan St. Ry. Co., 74

App. Div. 192, 77 N. Y. Supp. 386, affirmed without opinion 174 N. Y. 503, 66 N. E. 1113, a similar state of facts was shown, and a verdict for the plaintiff was rendered. It there appeared that the cars were propelled by cable power, and the maximum speed obtainable was seven miles an hour. The evidence disclosed, we think, no greater degree of care on the part of the plaintiff there than is inferable from the facts in this case as to the conduct of the deceased. The recovery was sustained by the Court of Appeals.

In McGreevy v. Buffalo Railway Company, 9 Misc. Rep. 726, 31 N. Y. Supp. 1130, affirmed without opinion 145 N. Y. 621, 40 N. E. 164, a quite similar state of facts was presented. The evidence as to the degree of care exercised by the plaintiff's intestate in that case was less satisfactory than in the case at bar, and the evidence as to the speed of the approaching car was somewhat in conflict, being estimated at from 2 to 12 miles an hour by the different witnesses. The Court of Appeals sustained a recovery for the plaintiff in that case.

As before stated, the record in this case shows that the south-bound car was proceeding at a rate approaching 30 miles an hour; that the gong was not sounded nor any other warning given. The ordinance of the city of Buffalo required the defendants to operate their cars in a very careful manner under such circumstances, and it may be presumed that the deceased knew of such ordinance, and that he had a right to believe that the defendants would obey it. The evidence as to the care exercised by the deceased presented a question of fact for the jury as to whether the deceased exercised the care which an ordinarily prudent person should under such circumstances.

In the case of Craven v. International Ry. Co., 100 App. Div. 157, 91 N. Y. Supp. 625, this court considered a situation quite similar to the case at bar, involving the duty of the defendant under the ordinance referred to above, and the question of contributory negligence was held to be one of fact for the jury.

We conclude that the judgment appealed from should be reversed, and a new trial granted, with costs to appellant to abide event.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.